Claude A. GAST, Plaintiff,

v.

Charles DAILY, Defendant.

Claude A. GAST, Plaintiff,

v.

John SAWYER and CO-2 Thran,
Defendants.

Claude A. GAST, Plaintiff,

v.

Earl W. SCHMIDT and Thomas G.
Gover, Defendants.

Claude A. GAST, Petitioner,

v.

Thomas ISRAEL, Respondent.

Claude A. GAST, Plaintiff,

v.

Charles DAILY, Defendant.

Claude A. GAST, Petitioner,

v.

Thomas ISRAEL and Bronson
LaFollette, Respondents.

Civ. A. Nos. 83–C–884, 83–C–1571 to 83–
C–1573, 83–C–1694 and 83–C–1574.

United States District Court,
E.D. Wisconsin.

Jan. 3, 1984.

Claude Gast, pro se.

Atty. Gen.'s Office, Madison, Wis., for respondents.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

The plaintiff in each of these six cases is Claude A. Gast, an inmate serving a State of Wisconsin sentence in the Waupun Correctional Institution. In the first five cases, Mr. Gast has filed a complaint pursuant to 42 U.S.C. § 1983 and a request to proceed in forma pauperis. In the last case, he has filed a petition for a writ of habeas corpus together with a request to proceed in forma pauperis.

In addition to these six cases, Mr. Gast has filed four additional cases in this District this year. Three of the cases, 83–C–161, 83–C–206, and 83–C–614, have been dismissed. In case 83–C–613, a civil rights case, I granted his request to proceed in forma pauperis on May 27, 1983. The defendant in that case has filed an answer along with a motion to dismiss.

Mr. Gast is obviously a prolific filer of lawsuits. He has filed 10 in the first 10 months of this year. Were the other inmates in the Wisconsin prison system to file a similar number of claims, the courts would have received approximately 48,000 * lawsuits from inmates during the first 10 months of this year.

---

* The Wisconsin adult prison population averaged about 4,800 inmates during the latter half of 1983.

Lawsuits by prisoners, almost all filled with requests to proceed in forma pauperis, are an ever increasing burden on the courts of this district. Multiple suits, filed by litigious inmates, compound the burden. It is not uncommon for the judges of this district to have as many as ten or more inmates as *pro se* claimants with more than one pending case on the docket at any given time.

While the court must always be open to entertain an inmate's legitimate, legally cognizable, grievances, it must be stressed that the court is not a correspondence school for creative writing. The court must be free to both rid itself of meritless cases and, in the case of the frequent litigator, control the filing of claims in the first instance.

To accomplish these objectives, I am instituting the following policy. When an inmate has an open "in forma pauperis" case pending and assigned to me, the inmate will not be permitted to proceed with a second or sequentially filed case without my prior approval. I will review all new complaints and, absent some demonstrable showing of emergency or extraordinary circumstance, the case will be dismissed without prejudice. The complaint can be resubmitted at such time as the petitioner no longer has an active *pro se* case before me.

The procedure I have adopted today, if applied to Mr. Gast, would result in a dismissal without prejudice of all six cases, as none fall into the "exceptional" category. I will, however, only apply the new procedure to cases filed after January 2, 1984. Accordingly, I will review Mr. Gast's new cases under the old standards.

Because Mr. Gast, in each of the first five cases, has requested permission to proceed in forma pauperis, the court must, pursuant to 28 U.S.C. § 1915(d), make an initial determination as to the merits of his complaints. I have examined the complaints in each of the five. I find that none of them allege violations that approach constitutional proportions. Accordingly, the first five cases are dismissed.

Case # 83–C–1574 is, as stated earlier, a habeas petition. It is filed pursuant to 28 U.S.C. § 2254. Leave to proceed in forma pauperis is granted in 83–C–1574. An accompanying order directs the state to file a response to the petition.

As a result of this action, Mr. Gast, at this time, has two in forma pauperis cases (83–C–613 and 83–C–1574) pending in this district.

Therefore, IT IS ORDERED:

1. That cases 83–C–884, 83–C–1571, 83–C–1572, 83–C–1573 and 83–C–1694 are dismissed.

2. Leave to proceed in forma pauperis is granted in 83–C–1574.