Larry **YOUNG**, Plaintiff,

v.

Jeff T. **KUNDE**, Defendant.

Larry **YOUNG**, Plaintiff,

v.

Policeman **GORDON**, Defendant.

Civ. A. Nos. 88–C–349, 88–C–580.

United States District Court,
E.D. Wisconsin.

Oct. 27, 1988.

**164**

Larry Young, Oshkosh, Wis., pro se.

Raymond Pollen, Riordan, Crivello, Carlson & Mentkowski, Milwaukee, Wis., for Kunde.

Kasdorf, Lewis & Swietlik, S.C., Milwaukee, Wis., for Gordon.

ORDER

TERENCE T. EVANS, District Judge.

Courts are getting so crowded these days that they are close to becoming the place where overdue, rather than due, process of law is dispensed. And, when one litigant has more lawsuits than a presidential campaign has sound bites, courts should start getting concerned. Larry Young, the plaintiff in these two cases, is just such a litigant. His cases demonstrate why courts, lest they be completely overwhelmed, should not only be concerned, but should start doing something to remedy a situation that is almost out of control.

Carol J. Merriman, a paralegal in the law firm representing "Policeman Gordon" in case 88–C–580, has filed an affidavit listing and summarizing the cases that Larry Young has filed in this district since 1980. The list, reproduced from Ms. Merriman's affidavit, shows the following:

A. 80–C–1074—*Larry Young v. Winnebago County, Winnebago County Jail and Certain Police Officers.* This is a civil rights action alleging unlawful detention by defendants. The disposition of the case was on March 15, 1982, by a judgment

granting defendants' motion to dismiss with costs.

B. 80–C–1075—*Larry Young v. City of Green Bay, Green Bay Police Department, G. Williams, R. Rice, Norm Daniels, L.T. Bodart, Police Officers of Green Bay; Brown County Jail and Officers of Jail; Municipal Court in Green Bay and Officials of that Court and Frank Van Lannen.* This is a civil rights action alleging unlawful arrest and detention. Disposition of this case was on 1/15/82 with a decision and order granting motion for summary judgment of Bodart and Howard Erickson and dismissing the case against them with prejudice and with costs ordered for defendants; further dismissing action against the remaining defendants without prejudice.

C. 80–C–1076—*Larry Young v. Memorial Hospital and Home; Janet Senn; Dorothy Roberts and Patricia Wetlaufeu.* This is a civil rights action alleging job discrimination due to plaintiff's race. Disposition of this case was on 9/1/81 with an order granting defendants' motion to dismiss with prejudice. Further memorandum on the case, on 11/16/81 states that the Court will not reopen this matter.

D. 81–C–1117—*Larry Young v. Wausau West High School; Art Nelson Supervisor; Al Wheeler, Teacher.* Plaintiff alleges that he was discriminated against because of race. Disposition of the case was on 1/7/82 granting defendants' motion to dismiss; that the defendants' motion for summary judgment is dismissed as moot; and that the action is dismissed without prejudice.

E. 82–C–970—*Larry Young v. Barbara Rolling, Association for Retarded Citizens.* Plaintiff alleges that he was discriminated against in the CETA program because he is black. The disposition of this case was on 3/5/83 with a stipulation and order

that the action is dismissed on its merits with prejudice in favor of the defendants.

F. 82–C–1599—*Larry Young v. City of Menasha; Police Department of Menasha; Leonard Gypp Investigator; Richard Steffens; Police Officers of City of Menasha.* The plaintiff alleges that he was harassed by defendants police department because he is black. Plaintiff further submitted an amended complaint suing Steffens for slander. At the pretrial conference on 3/20/86 the plaintiff failed to appear and the court granted the defendants' motion to dismiss with prejudice. The plaintiff then filed a notice of appeal on 7/23/86 stating that he did not receive a fair or impartial hearing. An order affirming the district court was filed on 4/2/87.

G. 83–C–354—*Larry Young v. Fond du Lac Mental Health Center; Donald Triggs, Director and Supervisor; Betty Blitzke, Assistant Supervisor.* Plaintiff alleges discrimination in employment. Disposition of this case was on 3/10/86 when the case was dismissed. Plaintiff further filed a notice of appeal on 6/19/86 which was dismissed for lack of appellate jurisdiction by order from the Court of Appeals on 9/18/86.

H. 83–C–355—*Larry Young v. Michigan Wisconsin Pipeline Company; Max Sommerville, Superintendent.* Plaintiff alleges race discrimination in employment. Disposition of this case was on 8/25/83 with an order granting defendants' motion to dismiss.

I. 83–C–732—*Larry Young v. Police Chief of City of Oshkosh (Donald Utecht); City of Oshkosh; Police Officer Richard Wilcox; Winnebago County Sheriff, Terry Footit; Winnebago County Jail; and Winnebago County Jailer.* Plaintiff alleges race discrimination and false arrest. On 6/1/84 a stipulation and order

dismissing Winnebago County, Winnebago Sheriff, Terry Footit, Winnebago County Jail, Winnebago County Jailer, upon its merits and with costs. Further, on 1/13/86 an order was filed stating that defendants' motion for summary judgment is granted and that this case is dismissed with prejudice.

J. 83–C–833—*Larry Young v. Ron Sager, Robert Johnson and Dan Curtin.* Plaintiff alleges violation of his constitutional rights regarding veterans' registration. Disposition of this case was on 7/24/84 with an order that defendants' motion for summary judgment is granted and that this action is dismissed upon its merits.

K. 83–C–1549—*Larry Young v. Department of Navy, Naval Discharge Review Board.* Plaintiff alleges that navy records are in error. Disposition of this case was on 11/3/83 by order denying leave to proceed in forma pauperis. A further order on 12/15/83 denied leave to proceed on second complaint.

L. 83–C–1603—*Larry Young v. Officer James Laquia.* Plaintiff alleges he was falsely cited for speeding. Disposition of this case was on 10/20/84 by an order that defendant's motion for summary judgment is granted and that this action is dismissed with prejudice and without costs.

M. 83–C–0119—*Larry Young v. City of Green Bay and Police Officers and Police Chief.* Plaintiff alleges harassment without reason by the Green Bay City Police. Disposition of this case was on 4/19/83 by order denying leave to proceed in forma pauperis.

N. 84–C–777—*Larry Young v. Mike Nofzinger.* Plaintiff alleges his civil rights were violated. Disposition of this case was on 4/29/86 by a judgment entered that defendant is not liable to the plaintiff and that this action is dismissed. A notice of appeal was filed by the plaintiff on

5/5/86. On 3/5/87 an order from the Court of Appeals states that the judgment of the district court is affirmed.

O. 84–C–778—*Larry Young v. Charles Stennard.* Plaintiff alleges false arrest and deprivation of property. Disposition of this case was on 3/26/85 by a stipulation and order that this action is dismissed upon its merits and without costs.

P. 85–C–974—*Larry Young v. Four City of Menasha Police Officers; Police Chief, City of Menasha.* Plaintiff alleges violation of his constitutional rights. Disposition of this case was on 7/29/85 by order that plaintiff's request to proceed in forma pauperis is denied.

Q. 85–C–1192—*Larry Young v. Police Officer London.* Plaintiff alleges that he was denied equal protection of the laws. Disposition of this case was on 3/7/86 by order granting defendants' motion to dismiss for the reason that plaintiff's claim is barred per res judicata.

R. 85–C–103—*Larry Young v. Wade Wallace and Richard Lewis.* Plaintiff alleges that he was defrauded by the defendants when they breached contract. Disposition of the case was on 7/24/85 when plaintiff's motion to proceed in forma pauperis was denied on the grounds that this appeal is legally frivolous.

S. 85–C–563—*Larry Young v. C.F. Reese and Mark Morse.* Plaintiff alleges that his constitutional rights were violated. Disposition of this case was on 9/10/85 by order dismissing this action.

T. 87–C–0026—*Larry Young v. Green Bay City Police Officers Rod Dubois, Badge Number 95; Richard Dekken, Badge Number 89; Dave Byrnes, Badge Number 28.* This is a civil rights action with a disposition on 1/14/87 by order that the plaintiff's request to proceed in forma pauperis is denied. Plaintiff filed a notice of appeal to the 7th Circuit on

1/21/87. On 6/15/87 an order from the 7th Circuit dismissed the appeal.

U. 87–C–919—*Larry Young v. Policeman Parker and City of Appleton.* This is a civil rights action alleging false arrest. Disposition of this case was on 9/21/87 by stipulation and order of dismissal. This action is dismissed without costs.

V. 87–C–562—*Larry Young v. Officer Sorensen and Lt. McKellar.* Plaintiff alleges racial discrimination by Naval Reserve. Disposition of this case was on 2/4/88 when the defendants' motion for an involuntary dismissal was granted. This case was dismissed on its merits, and the defendants shall recover of plaintiff their costs of this action.

W. 87–C–588—*Larry Young v. Robert Stanke, City of Menasha Police Chief.* Plaintiff alleges a violation of his civil rights. Disposition of this case was on 2/1/88 when judgment was entered in favor of the defendant on all claims and the action was dismissed.

X. 87–C–638—*Larry Young v. Charles Stannard.* Plaintiff alleges violation of his civil rights. Disposition of the case was on 3/18/88 by judgment entered in favor of the defendant with the defendant recovering his costs of the action.

Y. 87–C–644—*Larry Young v. Harold Williams, Chief of Neenah Police Department.* Plaintiff alleges a violation of his civil rights. Disposition of the case was on 2/5/88 by judgment entered in favor of the defendants on all claims and the action is dismissed on its merits.

Z. 88–C–349—*Larry Young v. Jeff Kunde.* Plaintiff alleges violation of his civil rights. As of June 10, 1988, this case was pending with a conference call scheduled for 6/23/88.

This list, of course, is only of cases filed in this district. Mr. Young has also filed a number of federal cases in the western district. Given this proliferation of cases, and the lack of success Mr. Young has had in pursuing them, a fair inference can reasonably be drawn that the two cases presently before me on the defendants' motions for summary judgment probably have no merit. But the law won't allow a summary dismissal of these cases if "material issues of fact" exist. With that standard in mind, I grant summary judgment in case 88–C–349 but deny it in case 88–C–580.

In case 88–C–349, Mr. Young brought a claim against Jeff T. Kunde, a police officer for the city of Neenah, Wisconsin, who ticketed him for operating a motor vehicle with no taillight at night. The case was filed in the western district of Wisconsin, but because venue was improper in that district, Judge John C. Shabaz transferred it. In the transfer order Judge Shabaz found that costs should be awarded pursuant to rule 11 of the Federal Rules of Civil Procedure. Currently pending are defendant's motions for costs and for summary judgment dismissing the complaint.

On December 27, 1987, Officer Kunde observed a car without a left taillight. He stopped the car and ultimately issued a citation to the driver, identified as Michael Young on the citation, but actually Larry Young, the plaintiff here. Young had his taillight repaired the day after the citation was issued. He took the receipt for the repair to the police station and requested, unsuccessfully, that his citation be dismissed.

On January 12, 1988, Young filed this lawsuit alleging that he was stopped without probable cause, that he was given a false traffic citation, that he was detained illegally, and numerous other claims arising out of the traffic stop.

On March 3, 1988, Young was tried in the circuit court for Winnebago County on the charge of operating a motor vehicle with no taillight at night. He was found guilty by a jury and fined $20 plus costs. Officer Kunde argues that the guilty finding in the state court jury trial precludes my entertaining the claims Mr. Young wants to present here. I agree.

The guilty verdict forecloses claims that Young was stopped without probable

cause, that the citation was false, or that Young was illegally detained. It also precludes a claim that Kunde actually broke the taillight after stopping Young, or that the officer acted in bad faith. *See Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir. 1984). The jury found that the state had established that Young was driving without a taillight. Therefore, Officer Kunde had the right to stop and ticket Young. This action must be dismissed.

In response to Judge Shabaz's order awarding costs, the defendant has submitted a bill of costs and the affidavit of attorney Raymond J. Pollen. The costs come to a total of $8.75 and the attorney fees requested are $500.25 (1.25 hours at $85.00 per hour—the billing rate requested for partners; 4.40 hours at $75.00—the rate requested for associates; and 1.60 hours at $40.00 per hour—the rate requested for paralegals). A description of the services rendered is included.

The amount of time spent on the case is reasonable and an argument could be made that the defendant is entitled to the entire amount. However, the rule 11 sanction here is specifically a result of Mr. Young's having filed the case in the wrong district. If the case had been filed in the eastern district, most of the defense work that was done would still have been necessary. Therefore, I am awarding sanctions pursuant to rule 11 in the amount of $100, a sum consistent with the violation mentioned in the order of Judge Shabaz. It will therefore be ordered that case 88–C–349 be dismissed and that sanctions in the amount of $100 be paid by Mr. Young to the defendant within thirty days of the date of this order.

In case 88–C–580, Mr. Young filed a lawsuit alleging that his civil rights were violated during another unlawful traffic stop. The case was again originally filed in the western district of Wisconsin, where Judge Shabaz found Mr. Young's allegations to be "not very believable." Nevertheless, Judge Shabaz granted leave for Mr. Young to proceed *in forma pauperis* and transferred the case to this district. The defendant, "Officer Gordon," whose name apparently is Gordon Hutchison, seeks to have the case dismissed on summary judgment.

■ Young alleges in this case that after stopping him, "Officer Gordon asked the Complainant could he suck his penis." By affidavit, Officer Hutchison, who is 66 years old, denies the claim. So, we have a claim by Young that he was given a ticket because he would not commit a sex act. The truthfulness or the untruthfulness of that claim—even though it seems rather hard to believe—unfortunately cannot be decided on affidavits. Thus, the motion for summary judgment in case 88–C–580 must be denied.

■ Which brings me to a major concern. In case 88–C–349, $100 is being ordered to be paid. Costs have also been ordered in many of the other cases that Mr. Young has filed. In those cases, it does not appear that the costs ordered were paid. So, to put some teeth in the monetary sanctions, I will not allow Mr. Young to proceed further in case 88–C–580 until the $100 is paid to the defendant's attorney in case 88–C–349. If that is not done within thirty days, case 88–C–580 will be dismissed for failure to prosecute.

■ Lastly, the situation presented here calls for an invocation of the policy I adopted in *Gast v. Daily*, 577 F.Supp. 14 (E.D.Wis.1984). The prolific litigant of *pro se* claims in *Gast* had filed ten lawsuits (with requests to proceed *in forma pauperis*) in less than a year. In *Gast* I said:

Lawsuits by prisoners, almost all filled with requests to proceed in forma pauperis, are an ever increasing burden on the courts of this district. Multiple suits, filed by litigious inmates, compound the burden. It is not uncommon for the judges of this district to have as many as ten or more inmates as *pro se* claimants with more than one pending case on the docket at any given time.

While the court must always be open to entertain an inmate's legitimate, legally cognizable, grievances, it must be stressed that the court is not a correspondence school for creative writing.

The court must be free to both rid itself of meritless cases and, in the case of the frequent litigator, control the filing of claims in the first instance.

To accomplish these objectives, I am instituting the following policy. When an inmate has an open "in forma pauperis" case pending and assigned to me, the inmate will not be permitted to proceed with a second or sequentially filed case without my prior approval. I will review all new complaints and, absent some demonstrable showing of emergency or extraordinary circumstance, the case will be dismissed without prejudice. The complaint can be resubmitted at such time as the petitioner no longer has an active *pro se* case before me.

Although Mr. Young here is not a prisoner, as was Mr. Gast, the concerns about flooding a court with lawsuits apply equally well to his situation. So, from now on, I will not allow any litigant to have more than one *in forma pauperis* case open in this branch of the court unless I am convinced that the second or subsequent claim raises issues that require emergency handling or that the circumstances of the new case are so extraordinary that a relaxation of the policy is appropriate.

So, therefore, the motion for summary judgment in case 88–C–349 is granted. One hundred dollars in costs are to be paid within thirty days. The motion for summary judgment in case 88–C–580 is denied. Proceedings in 88–C–580 are stayed pending payment of costs as directed in 88–C–349. Proof of the payment of costs must be received within thirty days.

SO ORDERED.