STATE EX REL. RILLA, a/k/a James Preston, Petitioner,
v. CIRCUIT COURT FOR DODGE COUNTY, Respondent.†

*Decided March 15, 1977.*
(Also reported in 251 N. W. 2d 476.)

† Motion for rehearing denied, without costs, on May 17, 1977.

For petitioner: *Amek bin Rilla,* a/k/a James Preston, pro se.

For respondent: *Bronson C. La Follette,* attorney general, and *Maryann S. Calef,* assistant attorney general.

*PER CURIAM.*

The petitioner has applied for a writ of mandamus to compel the respondent to order production of documents in a pending case. We exercise our discretion to deny mandamus, because the petitioner has shown only a bare legal right, the enforcement of which cannot result in any benefit to him.

On November 15, 1975, the petitioner commenced an action in the circuit court for Dodge County, for compensation which he claimed to be due for his services as registered agent of Prisoners for Survival, Inc. He joined as defendants a person, whom he identified as the president "pro tem" and two other prisoners, whom he identified as incorporators. He did not join the corporation as a party defendant. The complaint did not allege any agreement to pay for his services as registered agent, nor did it allege any services which he performed. The complaint also attempted to state a cause of action against the Secretary of State. The relief demanded against the Secretary of State was that he impose a ten percent tax on all nonstock, nonprofit corporations registered in the corporation department, and that such tax be paid to Prisoners for Survival, Inc. The complaint also demanded that the two prisoners be enjoined from using the name Prisoners for Survival, Inc., without the petitioner's permission, and that treble damages be as-

sessed against them. It was alleged petitioner had registered the name "Prisoners for Survival, Inc." as a trademark and trade name under United States patent law.

The petitioner applied to the circuit court for an order requiring the production of documents. He sought to compel the individual defendants to produce all corporate documents relating to Prisoners for Survival, Inc., and sought to compel the Secretary of State to produce copies of all existing corporate records for each nonstock, nonprofit Wisconsin corporation or association without a "patented" trade name or insignia. This motion was made on April 5, 1976 and was renewed on June 14, 1976. On June 6, 1976, Judge Gergen signed a decision, which upon entry constituted the order of the court with respect to the motion for production of documents. The decision stated as follows:

"Several civil actions have been filed by the plaintiff, an inmate at the Wisconsin State Prison. Having been presented with a proper fact situation, the court takes this opportunity to consider and establish several rules relating to the effect of the new civil actions brought by state prisoners. Specifically, the court is concerned with the application of sec. 802.10, Stats.

"In *Seybold v. Milwaukee County Sheriff*, 276 F. Supp. 484 (E.D. Wis., 1967) the district court stated that prisoners may file 'non-frivolous civil complaints' but, absent unusual circumstances, they will not be afforded the opportunity to appear in court to present their cases during their prison terms. 276 F. Supp. at 487. These exigent circumstances normally pertain to the preservation of oral or physical evidence. The *Seybold* court declared that a court, in its discretion, may allow a prisoner to proceed beyond the filing stage.

"Several courts, including *Beyer v. Werner*, 299 F. Supp. 967 (E.D. New York, 1969), and *Almond v. Kent*, 321 F. Supp. 1225, (W.D. Virginia, 1970), have recently affirmed the *Seybold* doctrine. The latest court to review the subject, *Ball v. Woods*, 402 F. Supp. 803, 808 (N.D. Alabama, 1975), stated:

" 'In *Seybold*, the court concluded that further proceedings in the civil action should be stayed during the

plaintiff's incarceration since only in that way could the plaintiff be protected against the statute of limitations.'

"Section 802.10, Stats., pertains to scheduling and pretrial conferences and provides for holding said conferences within 60 to 120 days from the filing of the summons.

"Having reviewed the case and statutory law, the court announces the following procedural rules:

"1). 'Prisoners will be permitted to file non-frivolous civil complaints in order to be protected from operation of the statute of limitations.

"2). 'The pretrial conference and other preliminary procedures will be held in abeyance until the plaintiff is released from prison.

"3). 'Upon a showing of unusual circumstances, the plaintiff may petition the court for a writ to assist him in preserving evidence. The granting of such a writ will be discretionary with the court and the plaintiff will be required to forward affidavits demonstrating exigent circumstances and directed to a designated occasion and subject matter. The court will consider such petitions on a case by case basis.'

"The court is satisfied that the above procedure meets with calls of *Seybold.*

"Since the plaintiff has failed to demonstrate any exigent circumstances, no further action is taken."

The respondent claims this is not a case for mandamus because the order is appealable. However, the order does not deny the motion for production of documents. Rather, it holds the matter in abeyance. Therefore, it does not deny discovery, and is not appealable as an order denying a provisional remedy under sec. 817.33(3), Stats. We hold the petitioner has no remedy by appeal, and mandamus is the appropriate writ to enforce his claim to production of the documents.

It appears that the circuit court was attempting to promulgate a standard scheduling order, pursuant to the authority granted in sec. 802.10(1)(d), Stats. However, the order promulgated applies only to prisoners. Sec. 802.10 does not contemplate that one class of liti-

gants will be treated differently from another for purposes of scheduling pretrial conferences. Moreover, to stay all proceedings, as is done in the second paragraph of the order, until the prisoner is released, means that a prisoner serving a life sentence, who is not released on parole, will never have an opportunity to litigate his claim. If the cause of action does not survive his death, there will never be an opportunity for anyone to litigate it.

In the foregoing discussion we have assumed that the action is arguably meritorious. If it is not, the trial judge can refuse to waive costs and fees under former sec. 271.29, Stats., now sec. 814.29, Stats. This statute requires a person seeking waiver of any court fee or suit tax to make an affidavit that because of his poverty he is unable to pay the costs of the action, and that he believes he is entitled to the redress he seeks, setting forth the nature of his case. In 1967 the statute was amended to provide that the affidavit must be approved by the court. We hold that if the complaint or affidavit to obtain a waiver of costs and fees does not give notice of a claim upon which relief can be granted, the trial judge may refuse to approve the affidavit of indigency. The result of such refusal, under the new rules of civil procedure, is that the action may not be commenced, because filing in court is now a prerequisite to commencing an action. Sec. 801.02, Stats. However, in the instant case our ruling has no application, because the action was commenced under the old rules of civil procedure, which provided that an action was commenced by service of the summons. Sec. 262.01, Stats. of 1973.

With respect to those prisoners who choose to pay the suit tax and filing fee, there is no reason to treat their nonmeritorious cases any differently from those of other litigants who pay the suit tax and filing fee. The defendants in those cases can make motions to dismiss and the motions can be granted.

If the suit extends beyond the pretrial stage, the question arises as to the power of the court to order production of a prisoner as a witness in his own behalf. This question is not presented in the case before us, but because it is within the scope of the order under consideration, we deem it appropriate for comment. The power to order the production of a prisoner as a witness exists under sec. 292.44, Stats. It is exercised by issuance of a writ of habeas corpus *ad testificandum*. We adopt as the standard for issuance of the writ the formulation of the Seventh Circuit Court of Appeals in *Stone v. Morris et al.*, 546 F.2d 730 (7th Cir. 1976). The trial court should weigh the interest of the prisoner in presenting his testimony in person against the interest of the state in maintaining his confinement. In doing so, the court should take into account:

1. The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom,

2. Any potential danger or security risks which the presence of the prisoner would pose to the court,

3. Whether the matter at issue is substantial,

4. The need for an early determination,

5. The possibility of delaying trial until the prisoner is released,

6. The probability of success on the merits,

7. The integrity of the correctional system,

8. The interests of the inmate in presenting his testimony in person, rather than by deposition.

We hold that the order of the trial court under consideration is invalid. Notwithstanding this holding, we deny mandamus. Even though the court had a clear duty to act upon the petitioner's motion for production of documents, mandamus will not be granted where the petitioner has shown a completely naked right. *Heider v. Common Council of City of Wauwatosa et al.*, 37 Wis.2d 466, 155 N.W.2d 17 (1967). Issuance of a writ of man-

damus in this case would be no benefit to the petitioner, because his complaint does not state a claim upon which relief can be granted.[1] Prisoners for Survival, Inc., which is not joined as a defendant, is identified as a nonstock, nonprofit corporation. There is no allegation as to any express contract with, or benefit conferred upon, the individual defendants. The relief demanded against the Secretary of State is that he impose a tax on other corporations. This is beyond his power to do. There is no allegation that the prisoner-incorporators are engaging, or propose to engage, in business on their own account. Relief cannot be granted against them for trademark infringement by the corporation. *See* 74 Am. Jur.2d, *Trademarks and Tradenames,* sec. 144 (1974). Since petitioner has not stated a claim for damages, he is not entitled to treble damages. The right to discovery only extends to material relevant to the subject matter involved in the pending action. Sec. 804.01 (2) (a), Stats. The trial court would exceed its authority if it were to order the production of documents relevant to a claim upon which it could grant no relief.

The petition for mandamus is denied.

---

[1] The standard for testing the sufficiency of the complaint at the time this action was commenced was whether the complaint was demurrable. We have chosen to apply the relaxed standard of sec. 802.06(2) (f), Stats., because the motion for production of documents in this case is governed by the new rules of civil procedure. Sec. 801.01(3).