STATE EX REL. William STAPLES, Petitioner-
Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Disciplinary Committee and Warren
Young, Respondents.

Court of Appeals

*Nos. 84–938, 84–941. Submitted on briefs August 12,
1985.—Decided March 20, 1986.*

(Also reported in 387 N.W.2d 118.)

For the petitioner-appellant the cause was submitted on the brief of *William Staples,* pro se, of Waupun.

For the respondents the cause was submitted on the brief of *Sue E. Kanner* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before, Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J. William Staples is an inmate in the Waupun Correctional Institute. He purports to appeal from orders entered March 15, 1984, and March 21, 1984, which he claims deny two petitions for certiorari. We consolidate the two appeals on our own motion. He appears pro se. Because no action was commenced in the trial court, the orders are not appealable. Treating the appeals as petitions for mandamus, we conclude that Staples has shown no grounds for relief and we deny his petitions.

Staples petitioned the trial court for certiorari to review two prison disciplinary proceedings against him. Each petition includes an affidavit of indigency and a request to proceed without paying costs. The trial court "rejected" the petitions without reviewing the merits of either. The court stated that it acted pursuant to its March 8, 1984 order "precluding commencement of new actions in this court by this petitioner, and in the absence of any appearance or showing of urgency in the matter proposed. . . ." Following the March 15 order, the trial court gave Staples leave to renew his first petition between August 1, 1984 and

August 15, 1984. The March 21 order grants Staples leave to renew his other petition within thirty days after July 26, 1984 by supplemental petition. Because it rejected the petitions, the trial court made no findings as to Staples' indigency.

Staples' petitions for certiorari were accompanied by documents which we construe as complaints. Filing a complaint or a petition is a prerequisite to commencing an action. Section 801.02(5), Stats.; *State ex rel. Rilla v. Dodge County Cir. Ct.,* 76 Wis. 2d 429, 433, 251 N.W.2d 476, 479 (1977). The clerk of court must be paid the filing fee at the time of filing. Section 801.02(6). By refusing to find that Staples is indigent, the trial court precluded Staples from commencing an action unless he paid the filing fee. *Rilla,* 76 Wis. 2d at 433, 251 N.W.2d at 479. Since the record fails to show that he paid the filing fee, neither action was commenced. *See id.* (trial court may refuse to waive filing fee if indigent prisoner attempts to commence action not arguably meritorious with result that action is not commenced).

■

Consequently, while the "orders" appealed from reflect the trial court's rejection of each petition, they are not orders rendered in an action or special proceeding from which an appeal can be taken. Section 808.03(1), Stats. For the same reason, neither attempted appeal may be treated as a petition for leave to appeal under sec. 808.03(2).

■

Although Staples has no right of appeal, if mandamus lies to this court, it may be utilized to compel the trial court to consider the merits of his petitions. Section (Rule) 809.51(1), Stats. Mandamus is the appropriate remedy to compel public officers to perform official

duties. *State ex rel. S.M.O.,* 110 Wis. 2d 447, 449, 329 N.W.2d 275, 276 (Ct.App. 1982). *Compare Rilla,* 76 Wis. 2d at 432, 251 N.W.2d at 479 (mandamus lies to compel trial court to order production of documents in pending civil action when petitioner has no remedy by appeal).

We may treat Staples' attempted appeal as a petition to the court of appeals for mandamus. We follow a liberal policy when judging the sufficiency of pro se pleadings by prisoners. *State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 496, 211 N.W.2d 4, 8 (1973). We may look beyond the legal label affixed by the prisoner to a pleading and treat a matter as if the right procedural tool was used. *See bin-Rilla v. Israel,* 113 Wis. 2d 514, 522–23, 335 N.W.2d 384, 389 (1983) (pro se petition for habeas corpus treated as petition for mandamus); *McEwen v. Pierce County,* 90 Wis. 2d 256, 270, 279 N.W.2d 469, 475 (1979) (action for declaratory judgment treated as petition for supervisory writ); *State ex rel. Racine County v. Schmidt,* 7 Wis. 2d 528, 536–37, 97 N.W.2d 493, 497–98 (1959) (petition for mandamus treated as action for declaratory relief); *Silgen v. Fond du Lac,* 225 Wis. 335, 338, 274 N.W. 256, 258 (1937) (mandamus action treated as one seeking declaratory judgment); and *State ex rel. Young v. Maresch,* 225 Wis. 225, 233, 273 N.W. 225, 229 (1937) (judgment granting mandamus reversed, cause remanded for declaratory relief).

■ Treating Staples' faulty appeal as a petition for mandamus, we decline to grant relief. Mandamus is a discretionary writ, *State ex rel. Moran v. Dept. of Admin.,* 103 Wis. 2d 311, 320, 307 N.W.2d 658, 663 (1981), which lies only if no other remedy is adequate, grave or irreparable harm will otherwise result, the

trial court's duty is plain, and the court has violated the petitioner's clear legal rights. *Law Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 494, 305 N.W.2d 89, 99 (1981).

Whether the trial court violated its plain duty or Staples' clear legal rights cannot be determined on the record.[1] Although prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821 (1977), federal courts have imposed various restraints on litigious prisoners who file multiplicitous suits or appeals. *See Franklin v. Murphy,* 745 F.2d 1221, 1231–32 (9th Cir. 1984); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369–70 (7th Cir.), *cert. denied,* 461 U.S. 960 (1983); *In re Green,* 669 F.2d 779, 787 (D.C. Cir. 1981); *Gast v. Daily,* 577 F. Supp. 14, 15 (E.D. Wis. 1984); and *Demos v. Kincheloe,* 563 F. Supp. 30, 34–35 (E.D. Wash. 1982). The trial court restricted Staples' access to the court on the basis of its March 8, 1984 order. Neither that order nor the record in which it was entered are before us. We therefore cannot determine whether that order is valid. Consequently, it is not possible to review the propriety of the trial court's rejection of Staples' petitions.

Moreover, Staples had an adequate remedy in the trial court. He sought review in the trial court of prison disciplinary proceedings against him. He could have obtained rulings from the trial court on the merits

---

[1] The "record" in this case consists of Staples' affidavits of indigency, proposed orders and writs drawn by him, exhibits from the disciplinary proceedings, and the trial court's rejections. Because no action was commenced on either petition for certiorari and no order was entered, no other "record" exists. To order a return would be useless.

merely by filing supplemental or renewed petitions. Although the trial court offered these options to him, Staples chose the longer route of appeal. No showing has been made that the options in the trial court were inadequate or that the delay in that court would result in irreparable harm.

*By the Court.*—Appeal dismissed.