Llewellyn CULBERT, Petitioner-Appellant,

v.

Warren YOUNG, Disciplinary Committee and
Department of Health & Social Services,
Respondents.

Court of Appeals

*No. 86–1435. Submitted on briefs February 9, 1987.—Decided
July 23, 1987.*

(Also reported in 412 N.W.2d 551.)

For the petitioner-appellant the cause was submitted on the briefs of *Llewellyn Culbert,* pro se, of Waupun.

For the respondents the cause was submitted on the brief of *Frank D. Remington* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J.   Llewellyn Culbert, an inmate at Waupun Correctional Institution, appeals from an order denying his motion to reconsider the trial court's order on motions for summary judgment. We treat his pro se appeal as being from the earlier order. We conclude that the earlier order is appealable as of right as to two codefendants but not the third. We reach that conclusion because the earlier order was final as to two codefendants but not as to the only codefendant against whom relief is sought in this appeal. We affirm the order as to the two codefendants, and we dismiss the appeal as to the third codefendant, Warren Young.

Culbert brought this action against the Department of Health and Social Services, a prison disciplinary committee, and Warren Young, the superintendent of Waupun Correctional Institution. Culbert claims that a prison disciplinary committee unconstitutionally deprived him of his liberty. He brings this action under 42 U.S.C. sec. 1983 for a declaration that his right to due process was violated, for expungement

of the disciplinary proceedings from his inmate record, and for money damages. After issue was joined, Culbert moved for summary judgment granting the relief he sought. Defendants moved for summary judgment dismissing the complaint.

The trial court entered a single order on both motions. The court dismissed the Department of Health and Social Services and the disciplinary committee from the action on grounds that neither is a "person" for purposes of 42 U.S.C. sec. 1983. This left Young as the only defendant.

In the same order, the trial court partially granted and partially denied both Culbert's and Young's motions for summary judgment. The Court found no merit in two claims Culbert had pleaded to support his due process contention. The court also concluded that on his third claim Culbert had made a prima facie case for summary judgment which Young had not rebutted.

The basis for Culbert's third claim was the prison security director's failure to state his reasons for upgrading the charge against Culbert to a major disciplinary violation, contrary to Wis. Adm. Code, sec. HSS 303.68(4).[1] Rather than immediately granting expungement of the disciplinary proceedings from Culbert's record, the court gave the security director an opportunity to state his reasons for upgrading the charge and remanded for that purpose.

These dispositions left Culbert's money damages as the only remaining issue. The last paragraph in the court's order scheduled a telephone pretrial confer-

---

[1] We held in *State ex rel. Staples v. DHSS,* 128 Wis. 2d 531, 534–35, 384 N.W.2d 363, 364–65 (Ct. App. 1986), that a director's failure to state the reasons for upgrading violates due process.

ence on the damages issue, with a view to trying that issue.

Culbert moved the trial court to reconsider its order. In his motion he argued only that the court had erred when it dismissed his complaint as to two of his claims and that the court had improperly remanded the matter to allow the security director to give his reasons for upgrading the charge. The trial court denied Culbert's motion for reconsideration. Culbert appealed the order denying his motion for reconsideration.

Because Culbert's motion for reconsideration presented the same issues which the trial court decided in its earlier order, the order denying reconsideration is not appealable. *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 26, 197 N.W.2d 752, 755 (1972). We would ordinarily dismiss his pro se appeal as being from a nonappealable order, except for factors which convince us that Culbert intended to appeal from the earlier order.

■ We may look to an appellant's intent when determining what has been appealed. *See State v. Ascencio,* 92 Wis. 2d 822, 824–25, 285 N.W.2d 910, 911–12 (Ct. App. 1979) (when intent was to appeal judgment, notice of appeal directed to nonfinal order treated as appeal from judgment).

Culbert's briefs are directed solely to the original order. He does not discuss the order denying reconsideration, nor do the respondents. Had his notice of appeal correctly identified the earlier order as the object of the appeal, it would have been timely filed. He has not attempted to save an untimely appeal by moving for reconsideration and appealing from the order denying that motion. We therefore treat Culbert's appeal from the order denying reconsideration

as an appeal from the original order. We turn to the appealability of the original order.

As a general rule, only a final judgment or final order of the circuit court may be appealed as of right to the court of appeals. Sec. 808.03(1), Stats. So far as is pertinent, sec. 808.03(1) defines a final judgment or a final order as one "which disposes of the entire matter in litigation as to one or more of the parties."

The original order disposes of the entire matter in litigation as to the Department of Health and Social Services and the disciplinary committee. It dismisses those parties from the action. Culbert does not challenge that part of the order. We will therefore affirm the order as to those respondents without further discussion.

■

Culbert challenges those parts of the original order which dismiss the complaint as to two of his claims and orders a remand. The original order does not, however, dispose of the entire matter in litigation as to Young, the only remaining respondent. The social services director has not acted on the remand. The order leaves open the question of damages and contemplates a trial on that issue. The order is not final as to Young.

■

The question, then, is whether the finality of the original order as to the department and the committee makes the order appealable as to Young when Culbert seeks review only of the part which is nonfinal as to Young. We conclude that finality as to the department and the committee does not make the order appealable as to Young.

We reach that conclusion because of the theory of appellate review underlying sec. 808.03, Stats., and

the policy on which that theory is based. The theory is that a party is generally entitled to only one appeal as of right and that piecemeal or interlocutory appeals should be avoided. Piecemeal or interlocutory appeals are strongly disfavored.[2] They frequently result in useless and time-consuming multiple appeals which ordinarily can and should be considered in a single appeal. The final judgment or final order rule is designed to avoid piecemeal appeals. *See State v. Jenich,* 94 Wis. 2d 74, 79, 288 N.W.2d 114, 116 (1980).[3]

---

[2] "The basic rationale of the finality rule is conservation of judicial resources. Constant interrruption of trial would follow from a general practice of interlocutory appeals and would consume trial court time, forestall the ultimate resolution of the case, and facilitate the harassment of one party by his opponent. Since substantial time elapses before appellate determination, it would be necessary for the trial court to spend extra hours refamiliarizing itself with the case and perhaps to select a new jury and begin anew. A single appeal consolidating all alleged errors also minimizes the appellate court burden by eliminating more than one set of records, briefs, and arguments in an individual case. And if the prejudiced party is the ultimate victor, if parties settle, or if the trial court later corrects its own error, appellate review will prove unnecessary."

Note, *Appealability in the Federal Courts,* 75 Harv. L. Rev. 351, 351–52 (1961) (footnotes omitted).

[3] Section 808.03(1), Stats., eliminates most interlocutory appeals as of right. A judgment or order not appealable as of right is appealable only upon leave granted by the court of appeals. Sec. 808.03(2). The procedure for petitions for leave to appeal is outlined in the Rules of Appellate Procedure. *See* sec. (Rule) 809.50, Stats. The discretionary power of the court of appeals to grant a permissive appeal provides a method for an interlocutory appeal which will materially advance the termination of the litigation or clarify further proceedings, protect the petitioner from substantial or irreparable injury, or clarify an issue of

The intent of sec. 808.03(1), Stats., is to make a judgment or order final only as to one codefendant (because it disposes of the entire matter in litigation only as to that defendant) appealable as of right *only by or against that defendant.* Such a judgment or order is not appealable as of right by or against other codefendants as to whom the judgment or order does not dispose of the entire matter in litigation.

We conclude that the trial court's order partially granting and partially denying Culbert's and Young's motion for summary judgment is not appealable as of right as against Young.

The question remains how we should handle Culbert's attempted appeal from those portions of the order which are nonappealable as to Young. Although an appeal as of right does not lie from a nonfinal judgment or order, such a judgment or order may be appealed to the court of appeals upon leave granted by the court. Sec. 808.03(2), Stats. (*See* footnote 3.) Culbert's remedy is a petition for leave to appeal rather than an appeal. Sec. (Rule) 809.50, Stats.

On occasion we have ignored the label that a pro se litigant has attached to a pleading in the court of appeals. We have treated the matter as if the litigant had used the right procedural tool. Thus, in *State ex rel. Staples v. DH&SS,* 130 Wis. 2d 285, 288, 387 N.W.2d 118, 120 (Ct. App. 1986), we treated a pro se appeal by a prison inmate as a petition for mandamus when that writ was the appropriate remedy. We said:

> We follow a liberal policy when judging the sufficiency of pro se pleadings by prisoners. *State*

general importance in the administration of justice. *See* sec. 808.03(2).

*ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 496, 211 N.W.2d 4, 8 (1973). We may look beyond the legal label affixed by the prisoner to a pleading and treat a matter as if the right procedural tool was used. *See bin-Rilla v. Israel,* 113 Wis. 2d 514, 522–23, 335 N.W.2d 384, 389 (1983) (pro se petition for habeas corpus treated as petition for mandamus); *McEwen v. Pierce County,* 90 Wis. 2d 256, 270, 279 N.W.2d 469, 475 (1979) (action for declaratory judgment treated as petition for supervisory writ); *State ex rel. Racine County v. Schmidt,* 7 Wis. 2d 528, 536–37, 97 N.W.2d 493, 497–98 (1959) (petition for mandamus treated as action for declaratory relief); *Silgen v. Fond du Lac,* 225 Wis. 335, 338, 274 N.W. 256, 258 (1937) (mandamus action treated as one seeking declaratory judgment); and *State ex rel. Young v. Maresch,* 225 Wis. 225, 233, 273 N.W. 225, 229 (1937) (judgment granting mandamus reversed, cause remanded for declaratory relief).

We decline to apply the liberal policy described in *State ex rel. Staples* to Culbert's attempted appeal. The policy favoring a single appeal and disfavoring multiple appeals is more important.

For us to treat the attempted appeal as a petition for leave to appeal and to grant the petition would encourage multiple appeals. The social services director has yet to act on remand. It is likely that Culbert's damages must be determined and a final judgment entered, whatever our decision on the issues he raises in his brief. Culbert may appeal as of right from the final judgment. In that appeal he may raise the same issues he attempted to raise in his abortive appeal.

*By the Court.*—Order dismissing Department of Health and Social Services and Disciplinary Commit-

tee as parties to the action affirmed; appeal dismissed as to respondent Warren Young.