WESTPORT SAND & GRAVEL CO., INC., a Wisconsin Corporation, Plaintiff-Appellant,

v.

Robert HOLDMANN, and E. Erica Holdmann, Defendants-Respondents,

Robert WIPPERFURTH, and Wipperfurth Excavating, Inc., Third Party Defendant-Respondent,

F.H. RAEMISCH & SONS, INC., Third Party Defendant.

Court of Appeals

*No. 90-0557. Submitted on motion May 10, 1990.—Decided November 29, 1990.*

(Also reported in 464 N.W.2d 676.)

For the plaintiff-appellant the cause was submitted on the briefs by *J. Thomas Haley,* of Madison.

For the defendants-respondents, Robert Holdmann and E. Erica Holdmann, the cause was submitted on the briefs of *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.,* by *Anthony R. Varda,* of Madison.

For the third party defendant-respondent, Robert Wipperfurth, and Wipperfurth Excavating, Inc., the cause was submitted on the briefs of *Ross & Stevens, S.C.,* by *Kim Grimmer* and *Robert E. Shumaker,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. At the request of the respondents, Robert and E. Erica Holdmann, we have reconsidered our order denying their motion to partially dismiss the appeal of Westport Sand and Gravel Co., Inc. We confirm our order, but because of the frequency with which this issue arises, we recommend that our opinion be published to provide guidance to the bar.

Westport brought an action against the Holdmanns and Great Midwest Savings and Loan Association. The Holdmanns counterclaimed against Westport. In 1986, judgment was entered dismissing Westport's complaint against the Holdmanns and Great Midwest Savings and Loan Association. The judgment did not dispose of the

Holdmanns' counterclaim. Westport did not appeal. In December 1989, judgment was entered in favor of the Holdmanns on their counterclaim. Westport appealed from the 1986 judgment which dismissed its complaint against the Holdmanns and from the 1989 judgment on their counterclaim.

The Holdmanns moved to dismiss the appeal from the 1986 judgment on grounds that it was untimely. We denied the motion, citing *Brownsell v. Klawitter,* 99 Wis. 2d 407, 410, 299 N.W.2d 292, 294 (Ct. App. 1980). We held in *Brownsell* that an appeal as of right does not lie from a judgment dismissing the complaint if the judgment does not dispose of the defendant's counterclaim. For that reason, we concluded that the 1986 judgment was not appealable as of right. We confirm our conclusion.

An aggrieved person must appeal from a final judgment or order within the time set forth in sec. 808.04, Stats., or lose the right to appeal. Section 808.03(1), Stats., defines a final judgment or order as one which "disposes of the entire matter in litigation as to one or more of the parties . . .." The 1986 judgment disposed of the entire matter in litigation between Westport and Great Midwest, but it did not dispose of the Holdmanns' counterclaim against Westport. The Holdmanns contend that because the judgment disposed of the entire matter in litigation between Westport and Great Midwest, the judgment was final as to all parties, including the Holdmanns. Since the time in which to file an appeal under sec. 808.04 has expired, the Holdmanns contend that the appeal is untimely as to the 1986 judgment even though it is timely as to the 1989 judgment.

If sec. 808.03(1), Stats., is literally construed, Holdmanns' construction is reasonable. The 1986 judgment did dispose of the entire matter in litigation between Westport and Great Midwest. It is also reasonable to construe sec. 808.03(1) to mean that a judgment or order is final only as to parties who have nothing left to litigate. Thus, Westport could have appealed from the 1986 judgment dismissing its complaint against Great Midwest. Because the statute is ambiguous, we examine its scope, history, context, subject matter and purpose to ascertain the legislative intent. *K.L. v. Hinickle,* 144 Wis. 2d 102, 109, 423 N.W.2d 528, 531 (1988).

The purpose of sec. 808.03(1), Stats., has been described in *Heaton v. Independent Mortuary Corp.,* 97 Wis. 2d 379, 395-96, 294 N.W.2d 15, 23-24 (1980) (citations omitted):

> The purpose of sec. 808.03, Stats., providing appeal as of right of final orders and judgments . . . is twofold: (1) to protect the trial proceedings by avoiding unnecessary interruptions and delay caused by multiple appeals and (2) to reduce the burden on the court of appeals by limiting the number of appeals to one appeal per case and allowing piecemeal appeals only under the special circumstances set forth in sec. 808.03(2), Stats. Because the legislature made liberal provision for appellate review of intermediate orders on a discretionary basis, the legislature obviously intended that appeals of right be strictly circumscribed.

It would defeat the purpose of sec. 808.03(1), Stats., to adopt the Holdmanns' construction. Under their construction, two appeals would be necessary to dispose of the matter in litigation between them and Westport. Westport would have to appeal from the 1986 judgment

dismissing its complaint against the Holdmanns and appeal from the judgment on the counterclaim. Under the construction we adopt, a single appeal suffices. *See* Rule 809.10(4), Stats. (appeal from final judgment brings before court all prior nonfinal judgments, orders or rulings.)[1]

*By the Court.*—The order filed May 3, 1990, is confirmed.

---

[1]In *Culbert v. Young,* 140 Wis. 2d 821, 825-27, 412 N.W.2d 551, 553-54 (Ct. App. 1987), we reached the same conclusion but without the same level of analysis applied here.