STATE of Wisconsin EX REL. Harlan RICHARDS, Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY and the Honorable Richard Callaway, Respondents.

Court of Appeals

*No. 91-1655-W. Submitted on briefs July 15, 1991.—Decided November 7, 1991.*

(Also reported in 478 N.W.2d 29.)

For the petitioner there was a petition for supervisory writ by *Harlan Richards* of Waupun.

For the respondent, Circuit Court for Dane County and Honorable Richard J. Callaway, there was a response by *Robert J. Kay, James D. Eckblad,* and *Rachel A. Brickner* of *Kay & Eckblad, S.C.* of Madison.

For the respondent, Phillip Koenig, there was a response by *James E. Doyle,* attorney general, with *Eileen W. Pray,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Harlan C. Richards is an inmate at Waupun Correctional Institution. He has petitioned the court of appeals for a supervisory writ directing the circuit court to disregard funds in his inmate "release account" when deciding whether to approve his indigency affidavit filed under sec. 814.29(1), Stats.[1] Richards had attempted to file, without paying the filing fee, a mandamus action brought under the public records law against Phillip Koenig, the director of the Office of Information Management for the Department of Corrections. After considering the balance in Richards' release account, the circuit court disapproved his indigency affidavit. Disapproval meant that his mandamus action was not accepted for filing.

The issues are whether (1) Richards' mandamus petition has arguable merit and (2) a circuit court may consider the balance in an inmate's release account when determining whether the inmate seeking relief from costs under sec. 814.29(1), Stats., is indigent. We conclude that Richards' petition has arguable merit and that the court may not consider that balance. We therefore issue the supervisory writ Richards has requested.

■

*State ex rel. Rilla v. Circuit Court for Dodge County,* 76 Wis. 2d 429, 433, 251 N.W.2d 476, 479 (1977) (per curiam), establishes the guidelines a circuit court

---

[1]Section 814.29(1), Stats., provides in relevant part that any person may commence an action without being required to pay any fee

upon filing in the court, and receiving approval of the affidavit by the court, his or her affidavit that because of his or her poverty the person is unable to pay the costs of the action or proceeding, or any writ of error or appeal therein, or to give security for the same, and that the person believes that he or she is entitled to the redress that he or she seeks in the action or proceeding . . ..

should follow when an affidavit of indigency is submitted under sec. 814.29(1), Stats. The court should first determine whether the action is arguably meritorious. If it is not, the court may refuse to waive costs and fees under sec. 814.29(1). If the action is arguably meritorious, the court then decides whether to approve the affidavit. If the court refuses to approve the affidavit, either because the action is not arguably meritorious or the court concludes that the person is able to pay the costs, no appeal lies to the court of appeals. The proper remedy is that chosen by Richards: a petition to an appellate court for a writ directed to the circuit court.

Whether Richards' mandamus petition to the circuit court is arguably meritorious is a question of law. To expedite this matter, we review it even though the trial court did not. Briefly, Richards alleges that in March 1991, he made a written request to the record custodian at Waupun Correctional Institution for copies of written documents pertaining to a proposal to "phase out blue jeans" in the institution. She refused his request on grounds that the documents were confidential under unspecified provisions in Wis. Adm. Code ch. DOC 310, which governs inmate complaint procedures, and that access to the records would be a breach of prison security. Richards appealed to Koenig, who denied access to the requested records for the same reasons, and because the "blue jean restriction procedure is in the draft stage, and is not yet final."

Without deciding the merits, we conclude that the items Richards requested appear to be records, within the meaning of sec. 19.32(2), Stats., unless they come within the "drafts" exclusion Koenig referred to in sec. 19.32(2). No published precedent holds that the exclu-

sion covers "drafts" of inmate clothing restrictions. We have not located a provision in Wis. Adm. Code ch. DOC 310 which renders confidential the documents Richards sought. Whether the claimed security breach would occur is a factual matter for the court to determine. Mandamus is available to the person who has wrongfully been refused access to public records. Section 19.37(1)(a), Stats.

We turn to whether the circuit court could properly consider the balance in Richards' inmate release account when deciding whether Richards is indigent for purposes of sec. 814.29(1), Stats. Indigency primarily is a factual question. We must accept a finding of fact by a trial court unless it is clearly erroneous. Section 805.17(2), Stats. Whether the trial court considered a factor which should not affect its findings is a question of law.

Wisconsin Adm. Code sec. DOC 309.466 controls inmate "release account funds." Subsection (1) provides that a percentage of all income earned by or received for the benefit of an inmate must be deposited in a release account in the inmate's name. Subsection (2) provides in relevant part: "Release account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation."

We reviewed the history of Wis. Adm. Code sec. DOC 309.466 in *Richards v. Cullen,* 150 Wis. 2d 935, 938, 442 N.W.2d 574, 575 (Ct. App. 1989). We noted that the legislature has eliminated a past practice of providing "gate money, dress-out clothing and transportation payments to released inmates in favor of the mandatory withholding plan in sec. [301.32, Stats.]" and that the legislature's purpose "was to shift those 'mustering-out' expenses from the taxpayers to the inmates themselves.

Wisconsin Adm. Code, sec. [DOC] 309.466 carries out that intention." *Richards,* 150 Wis. 2d at 944, 442 N.W.2d at 578.[2]

■

The legislative purpose and the function of a release account established under Wis. Adm. Code sec. DOC 309.466 are subverted if the balance in the account is considered when determining whether an inmate is indigent under sec. 814.29(1), Stats. We conclude that the trial court erred when it considered the balance in Richards' release account.

IT IS ORDERED that we grant the petition of Harlan C. Richards for a supervisory writ directing that the circuit court for Dane County disregard the funds in Richards' inmate release account when determining whether he is an indigent.

[2]Because it is premature, we do not reach the suggestion that sec. 814.29(3), Stats., allows access to a release account for court fees. That subsection provides that an inmate's request for leave to commence an action without being required to pay fees or costs or to give security for costs constitutes consent for the court to order the institution to deduct unpaid fees and costs from the amount "in the inmate's account" if judgment results against the inmate.