Wilhelmina DUNCAN, Plaintiff-Appellant,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Defendant-Respondent,

William FREUND, Karen P. Stewart, Heritage Mutual Insurance Company and Employer's Health, Defendants.

Court of Appeals

*No. 93–0281–FT. Submitted on motion February 18, 1993.—Decided April 14, 1993.*

(Also reported in 502 N.W.2d 874.)

For the plaintiff-appellant the cause was submitted on the response of *Eric S. Darling* of *Schmidt, Darling & Erwin* of Milwaukee.

For the defendant-respondent the cause was submitted on the motion of *Timothy S. Knurr* of *Schoone, Fortune & Leuck, S.C.,* of Racine.

Before Nettesheim, P.J., Brown and Anderson, JJ.

PER CURIAM. State Farm Mutual Insurance Company moves the court to dismiss Wilhelmina Duncan's appeal from an order dismissing her claims against it. Duncan was a passenger in a car driven by Karen Stewart, who is insured by Heritage Mutual, when that car was involved in an accident with a car driven by State Farm's insured, William Freund. Apparently, Duncan did not obtain proper service on State Farm and her claims against it were dismissed in July 1991. At the time Duncan's claims were dismissed, Heritage's cross-claim against Freund and State Farm for contribution was pending. The jury found Freund 100% negligent and Heritage's contribution claim against Freund and State Farm was dismissed. Duncan then brought this appeal in January 1993 to challenge the trial court's dismissal of her claims against State Farm.

In its motion to dismiss, State Farm argues that the July 1991 order dismissing Duncan's claims against it was final because it disposed of the entire matter in litigation as between Duncan and State Farm. Thus, State Farm asserts the appeal now brought by Duncan is untimely and this court lacks jurisdiction. Duncan disagrees, arguing that because State Farm remained subject to Heritage's cross-claim, the order was not final and this appeal from the January 1993 order entered on the jury verdict is timely.

A final order disposes of the entire matter in litigation as to one or more of the parties. Section 808.03(1), Stats. Here, although Duncan's claims against State Farm were dismissed, State Farm remained a party to the litigation as a result of the cross-claim against it. The entire matter in litigation, as to State Farm, was not disposed of. Therefore, the July 1991 order was not a final order.[1] Duncan's notice of appeal from the Janu-

---

[1] In *Westport Sand & Gravel v. Holdmann,* 159 Wis. 2d 613, 615-16, 464 N.W.2d 676, 677-78 (Ct. App. 1990), we rejected the argument that a judgment that dismissed a plaintiff's complaint against one of several defendants was final as to all parties, including those who remained in the litigation by virtue of an unresolved counterclaim. *See also Culbert v. Young,* 140 Wis. 2d 821, 825-27, 412 N.W.2d 551, 553-54 (Ct. App. 1987). Both *Westport* and *Culbert* involved a judgment or order that final as to one defendant and not final as to another defendant. In both cases, the finality of the judgment or order as to at least one defendant was conceded.

Finality, however, is the ultimate issue here. Neither *Westport* nor *Culbert* address the factual scenario of this case: the impact on finality of a pending cross-claim against a party when the complaint against that party has been dismissed. The order dismissing Duncan's complaint against State Farm did not dispose of the entire matter in litigation as to *any* party.

ary 1993 final order in this case brings the July 1991 order before this court. *See* Rule 809.10(4), Stats. Accordingly, we deny State Farm's motion to dismiss this appeal.

*By the Court.*—Motion to dismiss denied.

Duncan continued to pursue her complaint against Heritage Mutual. While State Farm's involvement was lessened when Duncan's complaint against it was dismissed, State Farm remained in the litigation by virtue of Heritage Mutual's cross-claim. After the order, every party was still in the litigation. The order, therefore, cannot be a final order.