STATE EX REL. Fred HANSEN, and Von Johnson, Petitioners,

v.

CIRCUIT COURT FOR DANE COUNTY, Honorable Robert DeChambeau, Honorable Michael Nowakowski, and John Husz, Chairman, Wisconsin Parole Commission, Respondents.

Court of Appeals

*No. 93-2623-W. Submitted on a petition October 6, 1993.—Decided January 27, 1994.*

(Also reported in 513 N.W.2d 139.)

For the petitioners the cause was submitted on the petition and brief of *Fred Hansen, pro se,* and *Von Johnson, pro se,* of Fox Lake.

For the respondents the cause was submitted on the response of *James E. Doyle,* attorney general, and *Mary E. Burke,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. Fred Hansen and Von Johnson, inmates at Fox Lake Correctional Institution, petition for supervisory writs directing the circuit court for Dane County, the Honorable Robert DeChambeau and the Honorable Michael Nowakowski presiding, to accept their actions for filing without payment of fees pursuant to § 814.29, STATS. We have reviewed the petition and the response. We conclude that both of the petitioners' complaints are arguably meritorious, and that the circuit court erred in refusing to waive filing costs and fees. Therefore, we grant the petition with respect to the circuit court and the respondent judges.[1]

---

[1] In addition to the circuit court judges, Hansen and Johnson have also named John Husz, Chairman of the Wisconsin Parole Commission, as a respondent. As we have no jurisdiction to entertain an original action unrelated to our supervisory or appellate authority over the circuit court, the petition must be dismissed as to Husz. *See State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 97, 394 N.W.2d 732, 736 (1986) (per curiam).

## BACKGROUND

The actions Hansen and Johnson attempted to file concern the decisions of the Wisconsin Parole Commission to deny them parole. Their complaints, identified as "civil complaints" and writs of habeas corpus,[2] allege the following facts. Each has completed twenty-five percent of his sentence and, therefore, may be considered for parole under § 304.06(1)(b), STATS.[3] Each has obtained a high school equivalency diploma while incarcerated. Finally, each petitioner appeared before a Parole Commission member who deferred parole, and each was denied review by Husz, the Parole Commission Chairman.

The complaints contain two claims. The first is that Hansen and Johnson are entitled to release on parole under § 304.06(1r)(a)2, STATS., which provides that the Parole Commission "shall grant release on parole, unless there are overriding considerations not to do so," to any inmate who is eligible for parole under § 304.06(1) and who obtains a high school equivalency diploma while incarcerated. The second claim is that § 304.06(1r)(a)2 creates a liberty interest, and denial of release contrary to the express provisions of the statute

---

[2] Hansen and Johnson seek judicial review of Parole Commission decisions. Such review is obtained by petitioning the circuit court for a writ of certiorari rather than habeas corpus. However, "[w]e may look beyond the legal label affixed by the prisoner to a pleading and treat a matter as if the right procedural tool [had been] used." *State ex rel. Staples v. DHSS*, 130 Wis. 2d 285, 288, 387 N.W.2d 118, 120 (Ct. App. 1986). Accordingly, we construe each pleading as a petition for a writ of certiorari.

[3] Section 304.06(1)(b), STATS., provides in relevant part:

[T]he parole commission may parole an inmate of the Wisconsin state prisons . . . when he or she has served 25% of the sentence imposed for the offense, or 6 months, whichever is greater.

violates the petitioners' Fourteenth Amendment right to due process and is actionable under 42 U.S.C. § 1983.

Citing *State ex rel. Rilla v. Circuit Court*, 76 Wis. 2d 429, 433, 251 N.W.2d 476, 479 (1977) (per curiam), both Judges DeChambeau and Nowakowski denied the petitioners' respective motions to waive costs and fees because their complaints failed to state a claim. Because no actions or special proceedings were commenced, Hansen and Johnson could not file appeals as of right from the orders rejecting the waiver of fees. *State ex rel. Staples v. DHSS*, 130 Wis. 2d 285, 287, 387 N.W.2d 118, 119-20 (Ct. App. 1986). Therefore, to obtain the relief they seek, Hansen and Johnson have properly petitioned this court for a supervisory writ directing the circuit court to grant them leave to proceed without payment of costs and fees.[4] *Id.* at 287-88, 387 N.W.2d at 120.

## STANDARD OF REVIEW

■

The question is whether the action is arguably meritorious. *State ex rel. Richards v. Circuit Court*, 165 Wis. 2d 551, 553-54, 478 N.W.2d 29, 30 (Ct. App. 1991). If it is not, the court may refuse to waive costs and fees.[5] *Id.* at 554, 478 N.W.2d at 30. If the action is

---

[4] We recognize that this petition could, and perhaps should, have been filed as two separate petitions, one from each petitioner naming one of the circuit court judges as respondent. However, because of the similarity of the legal issues and the complaints the petitioners attempted to file, we conclude that it would be more efficient and cause no prejudice to any party to resolve this matter as one petition.

[5] Since the petitioners attempted to file their actions, § 814.29(1), STATS., has been amended by Wisconsin Supreme

arguably meritorious and the court finds that the individual seeking waiver is indigent, then the court must accept the action for filing without payment of fees. *State ex rel. Girouard v. Circuit Court*, 155 Wis. 2d 148, 159, 454 N.W.2d 792, 796-97 (1990). Whether the complaint is arguably meritorious is a question of law which we review *de novo. Richards*, 165 Wis. 2d at 554, 478 N.W.2d at 30.

## PETITIONERS' ENTITLEMENT TO PAROLE

Hansen and Johnson allege that the circuit court denied them leave to proceed on the ground that the Parole Commission's analysis under the rules establishing criteria for parole, WIS. ADM. CODE § DOC 330.05(7) (now WIS. ADM. CODE § PAC 1.06(7)),[6] showed overriding considerations which justified denial.

██

The scope of review on certiorari is limited to whether: (1) the Commission kept within its jurisdiction; (2) it acted according to law; (3) its action was

Court Order No. 93-15 (Oct. 27, 1993). Section 814.29(1)(c) now provides that a court may deny a motion for waiver of costs and fees "if the court finds that the affidavit states no claim, defense or appeal upon which the court may grant relief."

[6] WISCONSIN ADM. CODE § PAC 1.06(7) provides:

A recommendation for parole and a grant of parole shall be made only after the inmate has:

(a) Become parole-eligible under s. 304.06, Stats., and s. PAC 1.05;

(b) Served sufficient time so that release would not depreciate the seriousness of the offense[;]

(c) Demonstrated satisfactory adjustment to the institution and program participation at the institution;

(d) Developed an adequate parole plan; and

(e) Reached a point at which, in the judgment of the commission, discretionary parole would not pose an unreasonable risk to the public.

arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) the evidence was such that it might reasonably make the order or determination in question. *Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615, 621 (1980). With regard to whether their actions are arguably meritorious, we conclude that the petitioners' contentions fall within the second element.

The petitioners argue that to give effect to both § 304.06(1)(b), STATS., under which the Commission "may" parole inmates, and § 304.06(1r), under which the Commission "shall" grant parole "unless there are overriding considerations," there must be separate criteria for granting paroles under each subsection. If there are not, then § 304.06(1r) is superfluous. They argue that for those prisoners who meet its conditions, § 304.06(1r) must be interpreted as establishing a right of parole greater than is provided in § 304.06(1)(b) and the corresponding regulations governing the Commission's exercise of its discretion. The petitioners further argue that because the Commission has not identified any "overriding considerations" with respect to them, they are entitled to release under § 304.06(1r).

The respondents argue that consideration of parole under § 304.06(1r), STATS., is governed by the same standards covering other discretionary parole decisions, namely, WIS. ADM. CODE § PAC 1.06(7). They contend that the factors set forth in that rule establish "overriding considerations" for denying parole under § 304.06(1r). They argue that the language of § 304.06(1)(b) and (1r) gives no indication that the "overriding considerations" must consist of separate criteria.

We conclude that the petitioners' actions have arguable merit. If § 304.06(1r), STATS., is read as not

requiring separate criteria for inmates who have obtained a high school equivalency diploma, then it performs no function whatsoever. Such an interpretation violates the rules of statutory construction. *See State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 226, 496 N.W.2d 177, 179 (Ct. App. 1992) (construction of statute which renders any of statutory language superfluous is to be avoided).

The language of the two subsections is plainly different: § 304.06(1)(b), STATS., provides that the Commission "may" parole certain inmates while § 304.06(1r) provides that the Commission "shall" parole certain inmates unless there are "overriding considerations." By this language, § 304.06(1r) establishes a presumption in favor of parole for certain inmates that does not exist in § 304.06(1)(b). To give effect to this presumption, the Commission must apply a substantively different standard than it applies in ordinary discretionary paroles under § 304.06(1)(b) and WIS. ADM. CODE § PAC 1.06(7).

We next consider whether the petitioners' claim that the Commission failed to do so in their cases has arguable merit. We conclude it does. Their complaints include copies of the written parole determinations. The respondents argue that the Commission identified unreasonable risk to the public as a consideration taking precedence over each petitioner's attainment of a high school equivalency diploma, and, therefore, the complaints fail to state a claim.

Although the written decision for each petitioner notes attainment of the diploma as a positive factor in his prison history, the decisions do not acknowledge that a different standard applies to parole of such

inmates. Nor do the decisions use the term "overriding considerations" or expressly state that danger to the public outweighs the attainment of the diploma. It appears that the decisions considered only the factors provided in WIS. ADM. CODE § PAC 1.06(7). While the record may, on further development, establish that the Commission was indeed applying a different standard or standards than those used for ordinary discretionary paroles, we conclude that the petitioners have stated claims that the Commission did not.

Because we have determined that the petitioners' complaints have arguable merit, the trial court must determine whether the petitioners are indigent, and if so, accept their complaints for filing without payment of fees pursuant to § 814.29, STATS. *Girouard*, 155 Wis. 2d at 159, 454 N.W.2d at 796-97. We need not determine whether their assertion concerning 42 U.S.C. § 1983 also has arguable merit.

## VENUE

As an alternative basis for rejecting the petition for a supervisory writ, the respondents argue that Hansen and Johnson failed to allege sufficient facts to establish that Dane County is the proper venue for certiorari review of the Parole Commission's decisions.[7] We reject this argument.

Section 801.51, STATS., provides that any party may challenge venue on the grounds of noncompliance with § 801.50, STATS., by filing a motion for change of venue. The statute does not provide for dismissal of

---

[7] Under § 801.50(5), STATS., venue of an action to review a refusal of parole is in the county where the petitioner was last convicted of an offense for which he or she is currently incarcerated.

actions based on improper venue. The Judicial Council has stated that the cure for a defect in venue is to change the place of trial, and that a defect in venue is not jurisdictional and does not affect the competence of the court. Judicial Council Note, 1983, § 801.50, STATS. Thus, we conclude that if a complaint has arguable merit, improper venue is not a basis upon which a circuit court may reject a request to waive filing fees. The proper course of action is for the defendants to move, after the action is accepted for filing, for a change of venue pursuant to § 801.51.

Therefore, we grant the petition for a supervisory writ and order the circuit court to determine whether the petitioners are indigent, and if so, to accept the petitioners' actions for filing without payment of fees pursuant to § 814.29, STATS.

*By the Court.*—Writs granted.