STATE of Wisconsin, EX REL. Harlan
RICHARDS, Petitioner-Appellant,

v.

Michael TRAUT and Russell Leik, Respondents.

Court of Appeals

*No. 87–2108. Submitted on briefs April 22, 1988.—Decided
July 7, 1988.*

(Also reported in 429 N.W.2d 81.)

For the petitioner-appellant the cause was submitted on briefs of *Harlan Richards,* pro se, of Waupon.

For the respondents the cause was submitted on the brief of *Maureen A. Plunkett* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Harlan Richards, an inmate at the Waupun Correctional Institution (WCI), petitioned for a writ of certiorari to review a Program Review Committee (PRC) decision refusing to lower Richards' security classification. He appeals from an order of the circuit court quashing the writ after the court concluded that the PRC proceedings were proper. Wisconsin Adm. Code, sec. HSS 302.19(6) requires the PRC to consider only Wis. Adm. Code, sec. HSS 302.14 criteria when reviewing a request for a security classification change. Because we conclude that the PRC violated Wis. Adm. Code, sec. HSS 302.19(6) by considering criteria not listed in Wis. Adm. Code, sec. HSS 302.14, we reverse.

## FACTS

On December 9, 1986, Richards requested a transfer from WCI, a maximum security prison, to a medium security prison. The PRC held a hearing the same day. Richards' social worker noted that Richards

understood the seven-year guideline,[1] but requested an override or an exception because of his good record. The PRC denied Richards' request. In the PRC's inmate classification summary, the PRC noted that Richards had not received any conduct reports, had a good work record, and had no escapes. However, in response to Richards' social worker's override recommendation pointing out that Richards had no history of violence, the PRC stated that this was "not quite correct because he is doing first degree murder."

Richards appealed to Russel Leik, the Classification Chief of the Division of Corrections. In his letter, Richards stated that the PRC had told him that he could not receive a security classification change because all lifers must spend a minimum of seven years in maximum security. Richards said he had requested an exemption, but that the PRC had told him it was "a hard and fast rule and that I could not be exempted from it."

Richards petitioned for a writ of certiorari. Soon afterwards, Leik responded to Richards' appeal. Leik wrote that Richards' case had been thoroughly reviewed, and that the seven-year guideline was only a rule of thumb. The circuit court concluded that, taken together, the PRC decision and Leik's review met the procedural requirements of Wis. Adm. Code, sec. HSS 302.19(8). It affirmed the department's decision.

## STANDARD OF REVIEW

The well-settled rule in Wisconsin is that on review by certiorari the reviewing court is limited

---

[1] The "seven-year guideline" requires inmates under life sentences to serve at least seven years in maximum security before they may be granted a security classification change.

to determining: (1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.

*State v. Goulette,* 65 Wis. 2d 207, 215, 222 N.W.2d 622, 626 (1974), *quoted in State ex rel. Palleon v. Musolf,* 120 Wis. 2d 545, 549, 356 N.W.2d 487, 489 (1984). "The test on certiorari review is the substantial evidence test. The test is whether reasonable minds could arrive at the same conclusion reached by the Department." *Musolf,* 120 Wis. 2d 549, 356 N.W.2d at 489 (citations omitted). The Division of Corrections and the PRC must follow the procedural rules the Division has promulgated. *State ex rel. Staples v. DHSS,* 136 Wis. 2d 487, 493–94, 402 N.W.2d 369, 373 (Ct. App. 1987). If the department bases its decision on a rule which has not been properly promulgated and adopted under sec. 227.10(1), Stats., that is an abuse of the department's discretion. *State ex rel. Clifton v. Young,* 133 Wis. 2d 193, 200, 394 N.W.2d 769, 773 (Ct. App. 1986).

In reviewing Richards' classification change request, the PRC considered Richards' score on the "Inmate Custody Rating" form. The first four items on the form deal with the inmate's history of institutional violence, the recency of such violence, the severity of the most serious current offense, and the severity of other offenses. The form rates the most serious current offense with under seven years served as ten points. Richards received ten points under this factor. The form then states: "[i]f score is 10 or over, rate as maximum custody." Credit for good conduct is not

given until the score for the first four items falls below ten. Thus, a person with a life sentence who has served less than seven years cannot obtain a lower security classification.

Wisconsin Adm. Code, sec. HSS 302.14 requires "[t]he criteria for assigning a security classification shall include *only* the following ..." (emphasis added). The seven-year rule inherent in the "Inmate Custody Rating" form is not listed in sec. HSS 302.14. The note to this section provides in part: "HSS 302.14 states the only criteria permitted in the assignment of security classifications." The "Inmate Custody Rating" form incorporates the seven-year rule, and the PRC considered this rating form in denying Richards' security classification request. Because we conclude that the PRC abused its discretion by improperly considering criteria not listed in Wis. Adm. Code, sec. HSS 302.14, we reverse its decision and remand for further proceedings in accordance with Wis. Adm. Code, sec. HSS 302.19(6).

*By the Court.*—Order reversed and cause remanded.