STATE of Wisconsin EX REL. Harlan RICHARDS, Petitioner-Appellant,

v.

Russel LEIK, Classification Chief, Gary R. McCaughtry, Warden, Waupun Correctional Institution, Respondents-Respondents.

Court of Appeals

No. 91-2732. *Submitted on briefs May 8, 1992.—Decided March 25, 1993.*

(Also reported in 499 N.W.2d 276.)

446

447

For the petitioner-appellant the cause was submitted on the brief of *Harlan Richards, pro se,* of Waupun.

For the respondents-respondents the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Jennifer Sloan Lattis,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Appellant Harlan Richards, an inmate at Waupun Correctional Institution (WCI), brought an action for habeas corpus against respondents Russel Leik, the classification chief of the department of corrections, and Gary McCaughtry, the superintendent of WCI. Richards sought habeas to review his retention in maximum security at WCI and to order respondents both to reduce his security rating and to transfer him to Kettle Moraine Correctional Institution. The trial court held that habeas corpus was not available to Richards. We agree and affirm the trial court's order dismissing his petition.

Richards's petition for habeas corpus alleges that he has been held in maximum security since 1984 when he was sentenced to life imprisonment. Meanwhile, he brought two successful actions challenging classification rules affecting inmate security ratings. In July 1988, we

449

invalidated a "seven-year rule" regarding the minimum period persons serving life sentences must spend in maximum security before their security rating would be reduced. *State ex rel. Richards v. Traut,* 145 Wis. 2d 677, 429 N.W.2d 81 (Ct. App. 1988). In December 1988, respondents adopted a new classification which effectively required Richards to spend fifteen years in maximum security before being eligible for a reduced rating. The circuit court declared that rule to be *ex post facto* punishment and exempted Richards from it. *Smart, Richards, et al. v. Goodrich,* no. 89-CV-430 (Dane County Circuit Court, October 3, 1990).

Richards alleges that in May 1991 he requested a reduced security rating and transfer to Kettle Moraine, a medium security institution. The WCI program review committee recommended his retention in maximum security and therefore no transfer, and Leik affirmed the recommendation. Richards asserts that no reasonable review of his circumstances will justify his continued retention in maximum security, and that respondents keep him in maximum security to retaliate against him for his success in *Richards v. Traut,* and *Smart, Richards, et al. v. Goodrich.*

The trial court concluded that because Richards sought review of prison administrative procedures, his remedy was certiorari. *See State ex rel. Johnson v. Cady,* 50 Wis. 2d 540, 549-50, 185 N.W.2d 306, 311 (1971) (in absence of statutory provision for judicial review, agency's decision is reviewable by certiorari). In obedience to *bin-Rilla v. Israel,* 113 Wis. 2d 514, 522, 335 N.W.2d 384, 389 (1983), the court disregarded the habeas corpus label on Richards's petition, treated it as a request for certiorari, and issued a writ of certiorari. Richards protested that he sought a court-ordered transfer to a medium security institution rather than review

450

of an administrative decision, and he refused to participate in a certiorari review. The court vacated the certiorari writ and dismissed Richards's petition for habeas on grounds that habeas is not his remedy.

Richards contends that his petition states facts which entitle him to habeas corpus relief, and he wants the matter tried. He contends he is entitled to habeas relief because his suit is based on evidence not contained in an administrative proceeding, a certiorari court cannot order his transfer to a medium security institution, and his retaliation claim is not reviewable on the record made before a program review committee. He states that his retention in maximum security is contrary to law because it is based exclusively on his crime, his sentence and his previous criminal record, and because it denies him his statutory right to be considered for parole. He asserts he is entitled to transfer to medium security under Wis. Adm. Code sec. DOC 302.14 as a matter of law.[1]

Richards is not entitled to statutory habeas corpus. Section 782.01(1), Stats., provides that "[e]very person restrained of personal liberty may prosecute a writ of habeas corpus to obtain relief from such restraint," subject to secs. 782.02 and 974.06, Stats. Section 782.02 provides in relevant part:

> No person shall be entitled to prosecute such writ who shall have been committed or detained by virtue of the final judgment or order of any competent tribunal of civil or criminal jurisdiction or by virtue of

---

[1] Wisconsin Adm. Code sec. DOC 302.14 describes the factors which "may be taken into consideration in assigning a security classification to an inmate."

451

any execution issued upon such order or judgment
. . ..

Richards does not allege that he was committed or detained by virtue of a tribunal not competent to order his commitment or detention. Section 974.06 is not pertinent to this appeal.[2]

We reject Richards's argument that three cases authorize statutory habeas corpus for the relief he seeks: *State ex rel. Clifton v. Young,* 133 Wis. 2d 193, 394 N.W.2d 769 (Ct. App. 1986), *State ex rel. McMillian v. Dickey,* 132 Wis. 2d 266, 392 N.W.2d 453 (Ct. App. 1986), and *State ex rel. Wohlfahrt v. Bodette,* 95 Wis. 2d 130, 289 N.W.2d 366 (Ct. App. 1980). Nothing in *Clifton* or *McMillian* suggests that they involved statutory habeas corpus. The *Wohlfahrt* court held that habeas corpus is available to persons released on personal recognizance bonds. *Id.* at 134, 289 N.W.2d at 368. It does not apply here.

We turn to common law habeas corpus. The cases abound that habeas corpus is an equitable doctrine and allows a court to tailor a remedy applicable to the particular facts. *State v. Knight,* 168 Wis. 2d 509, 520-21, 484 N.W.2d 540, 544 (1992); *Wohlfahrt,* 95 Wis. 2d at 132, 289 N.W.2d at 367; *State ex rel. Memmel v. Mundy,* 75 Wis. 2d 276, 288, 249 N.W.2d 573, 579-80 (1977); *McMillian,* 132 Wis. 2d at 286, 392 N.W.2d at 460.

---

[2] We need not describe the relief available by way of a sec. 974.06, Stats., motion. "A motion for such relief is a part of the original criminal action . . .." Section 974.06(2), Stats. The relief Richards seeks is wholly outside the original action which resulted in his conviction.

However, the relief available in a common law habeas corpus action does not determine the circumstances which must exist for habeas.

> When a person seeks a writ of habeas corpus . . . the habeas court's review is limited. The habeas court determines only whether the order resulting in the restraint of liberty was made in violation of the constitution, or whether the court which issued the order lacked the jurisdiction or legal authority to do so.

*State ex rel. Zdanczewicz v. Snyder,* 131 Wis. 2d 147, 151, 388 N.W.2d 612, 614 (1986). The remedy for a constitutional violation is further limited by the effect of the violation in the particular case. *Wohlfahrt,* 95 Wis. 2d at 132, 289 N.W.2d at 367.

Applying those principles, we conclude that Richards cannot employ habeas to obtain a reduced security rating or transfer from WCI to Kettle Moraine. The program review committee has jurisdiction to determine Richards's placement. Wisconsin Adm. Code secs. DOC 302.18, 302.19 and 302.20. Richards has not shown that a constitutional violation has affected his liberty. Since no prisoner has a constitutional right to name a particular penitentiary, *Shango v. Jurich,* 681 F.2d 1091, 1098 (7th Cir. 1982), Richards has no constitutional right to transfer to Kettle Moraine Correctional Institution or to a more agreeable institution. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976) (that "life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.").

Richards cannot employ habeas corpus to request that the trial court order respondents to reduce his security rating from maximum to medium. That change is not enough to justify the writ. Habeas corpus is the proper remedy for the inmate who seeks to shorten the time of his imprisonment but not if the inmate seeks a transfer to a less restricted form of custody. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).

Richards states that certiorari is an inadequate remedy because on the two occasions he obtained a court decision invalidating a classification decision by respondents, they substituted another classification. That circumstance does not justify judicial relief. That a court has invalidated one classification does not entitle Richards to a transfer or reduced security rating. The respondents are correctional officials and they should attempt adoption of valid rules relating to prison security.

■

Richards states that in *Richards v. Traut*, we held that the record lacked substantial evidence to justify denying his request for transfer, absent the seven-year rule he attacked in that case. He complains that on remand respondents denied his transfer based on the same record. Richards misreads our opinion. We held that the program review committee erroneously exercised its discretion by improperly considering criteria not listed in an administrative rule. *Id.* at 681, 429 N.W.2d at 82. Nowhere did we suggest or imply, much less hold, that the record lacked substantial evidence to justify denying his request for a transfer. Indeed, because that issue was not before us, we had no reason to reach the holding he assigns to us.

 Richards rightly asserts that certiorari is inadequate to address the issues he raises. A certiorari court is limited to determining whether the agency kept within its jurisdiction, it acted according to law, its action was arbitrary or unreasonable and represented its will and not its judgment, and the evidence was such that it might reasonably make the determination in question. *State ex rel. Lomax v. Leik*, 154 Wis. 2d 735, 739-40, 454 N.W.2d 18, 20 (Ct. App. 1990). Certiorari is limited to review of the record brought up by the writ, *State ex rel. Hippler v. City of Baraboo*, 47 Wis. 2d 603, 614-15, 178 N.W.2d 1, 8 (1970), facts cannot be added to that record, *State ex rel. Irby v. Israel*, 95 Wis. 2d 697, 703, 291 N.W.2d 643, 646 (Ct. App. 1980), and Richards relies on evidence not in an administrative record. Nor will certiorari lie to obtain a court-ordered transfer to medium security. As a general rule, a certiorari court may affirm or reverse the action of the agency, *Snajder v. State*, 74 Wis. 2d 303, 311, 246 N.W.2d 665, 668 (1976), and therefore cannot order the agency to perform a certain act.

 However, the limitations on certiorari review do not make habeas corpus available. Habeas is not a legal panacea to relieve inmates from every restraint they find objectionable. It is generally limited to circumstances not shown to exist in this case. Because Richards mistook his remedy and refuses to participate in the certiorari review the trial court offered, that court properly dismissed his petition.

*By the Court.*—Order affirmed.