STATE of Wisconsin EX REL. Jerry SAENZ, Petitioner-Appellant, †

v.

John HUSZ, Chairman, Wisconsin Parole Commission, Defendant-Respondent.

Court of Appeals

*No. 95–0329. Submitted on briefs October 9, 1995.—Decided November 2, 1995.*

(Also reported in 542 N.W.2d 462.)

†Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Jerry Saenz*, pro se.

For the defendant-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *John J. Glinski*, assistant attorney general.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J.   Jerry Saenz is an inmate confined to the custody of the Wisconsin Department of Corrections. While an inmate at Fox Lake Correctional Institution, Saenz was denied parole by the Wisconsin Parole Commission and sought review by writ of certiorari. The trial court dismissed the writ and Saenz appeals.

Saenz contends that the decision of the commission was contrary to law because it contravened § 304.06(1r), STATS.[1] According to Saenz, that statute requires that he be paroled because he has reached

---

[1] Section 304.06(1)(b), STATS., provides that, with certain exceptions, "the parole commission may parole" an inmate who has served a prescribed portion of his or her sentence. Section 304.06(1r) provides in part:

(a)   The parole commission shall grant release on parole, unless there are overriding considerations not to do so, to any inmate who is eligible for parole under sub. (1) and meets either of the following conditions:

1.   [Improved reading level while incarcerated.]

2.   The inmate did not have a high school diploma, a high school equivalency diploma or a certificate of general educational development at the time of his or her admission to state prison and the inmate thereafter obtained a high school equivalency diploma or a certificate of general educational development while incarcerated in state prison.

74

parole eligibility, has obtained his general educational diploma (GED) while incarcerated, and there are no overriding considerations against parole. Saenz also contends that he should be permitted to proceed on a claim under 42 U.S.C. § 1983 for monetary damages.[2] We reject both contentions and affirm the trial court's order.

Saenz is serving an aggregate sentence of life plus six years. At the time of the parole proceeding, Saenz was incarcerated at Fox Lake Correctional Institution, a medium security institution. In April 1994, Saenz appeared before Arely Gonnering, a parole commissioner. Saenz's request for parole was denied and he was given a twelve-month deferral.

The written decision denying parole indicated, through checked boxes, that Saenz had attained statutory eligibility for parole; that he had not served sufficient time for punishment; that his institution adjustment had not been satisfactory; that he had not developed an adequate parole plan; and that release at this time would involve an unreasonable risk to the public. In addition, the decision stated:

> You were deferred for 12 months which gives you a new PED of 6-9-95. You have not yet served sufficient time for punishment. Your institution adjustment has continued to be unsatisfactory noting that you have continued to involve yourself in behaviors that have resulted in major conduct reports during this deferral period. You minimized

---

[2] The pleading Saenz filed in the circuit court was titled both "Other Extraordinary Writ" and "Civil Complaint." It described the nature of the action as "an action for certiorari review of a denial of parole . . . and for monetary and injunctive relief pursuant to 42 U.S.C. 1983." The trial court apparently viewed the pleading only as a petition for a writ of certiorari.

the significance of those adjustment difficulties, basically taking no responsibility for them. When asked what you would like to discuss, you indicated that you would like to be paroled pursuant to sec. 304.06(1r), STATS., as you received your GED during this incarceration. I indicated that there are overriding considerations not to parole you. The most significant of which is time for punishment. You are here convicted of First Degree Murder, Armed Robbery (PTAC) and Escape. You have been found inappropriate for anger management counseling and have not participated in vocational programs.

Your parole plan appears reasonable given your family support in Texas.

Release at this time would involve an unreasonable risk to the public.

Saenz appealed the determination to John Husz, chairperson of the commission. Husz affirmed the denial of parole, stating:

The Parole Commission Action, attached, refers to Sec. 304.06(1r), STATS. and provides that there are overriding considerations not to parole you, the most significant of which is time for punishment. You have been convicted of first degree murder, armed robbery and escape.

You have received a GED, but the serious nature of your offenses and the time required for punishment for those offenses overrides your accomplishment.

The scope of our review on a writ of certiorari is identical to that of the trial court's. Our review is limited to determining: (1) whether the commission kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or

unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *State ex rel. Richards v. Traut*, 145 Wis. 2d 677, 679-80, 429 N.W.2d 81, 82 (Ct. App. 1988). The test is whether reasonable minds could arrive at the same conclusion reached by the commission. *Id.*

Saenz argues that the commission did not act according to law because its decision contravenes § 304.06(1r)(a)2, STATS., which provides that the parole commission "shall grant release on parole, unless there are overriding considerations not to do so," to any inmate who is eligible for parole and who has obtained a GED while incarcerated. Saenz argues that under our decision in *State ex rel. Hansen v. Dane County Cir. Ct.*, 181 Wis. 2d 993, 513 N.W.2d 139 (Ct. App. 1994), the commission may not consider the serious nature of his offense and the time required for punishment as overriding considerations under § 304.06(1r).

According to Saenz, *Hansen* stands for the proposition that none of the factors for parole contained in WIS. ADM. CODE § PAC 1.06(7) may be considered as overriding considerations for purposes of denying parole to an inmate who has received a GED while incarcerated.

WISCONSIN ADMINISTRATIVE CODE § PAC 1.06(7) provides:

> A recommendation for parole and a grant of parole shall be made only after the inmate has:
>
> (a)   Become parole-eligible under s. 304.06, STATS., and s. PAC 1.05;
>
> (b)   Served sufficient time so that release would not depreciate the seriousness of the offense;

(c) Demonstrated satisfactory adjustment to the institution and program participation at the institution;

(d) Developed an adequate parole plan; and

(e) Reached a point at which, in the judgment of the commission, discretionary parole would not pose an unreasonable risk to the public.

■

The interpretation of a statute presents a question of law, which we review independently of the trial court. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

In *Hansen*, we considered the denials by two trial courts of motions filed by two inmates to waive the filing fees for their respective complaints challenging their denials of parole. The two inmates, like Saenz, had reached their parole eligibility dates and had obtained high school equivalency diplomas while incarcerated. The trial courts denied waiver of the filing fees because the courts determined the complaints failed to state a claim. We reversed the trial courts. We concluded that because § 304.06(1r), STATS., provides that the commission shall parole certain inmates unless there are overriding considerations, there is a presumption in favor of parole for inmates meeting the criteria of § 304.06(1r) that does not exist for "ordinary discretionary paroles" under § 304.06(1)(b). *Hansen*, 181 Wis. 2d at 1000-001, 513 N.W.2d at 142-43. We rejected the respondents' argument that the same standards govern parole decisions under § 304.06(1)(b) and parole decisions under § 304.06(1r). We stated:

> Although the written decision for each petitioner notes attainment of the diploma as a positive factor in his prison history, the decisions do not

acknowledge that a different standard applies to parole of such inmates. Nor do the decisions use the term "overriding considerations" or expressly state that danger to the public outweighs the attainment of the diploma. It appears that the decisions considered only the factors provided in WIS. ADM. CODE § PAC 1.06(7). While the record may, on further development, establish that the Commission was indeed applying a different standard or standards than those used for ordinary discretionary paroles, we conclude that the petitioners have stated claims that the Commission did not.

*Hansen*, 181 Wis. 2d at 1000-001, 513 N.W.2d at 142-43.

Although there is language in *Hansen* indicating that the commission may not consider any of the factors in WIS. ADM. CODE § PAC 1.06(7) as overriding considerations within the meaning of § 304.06(1r), STATS., that is not an accurate statement of the holding in *Hansen*. The holding in *Hansen* is that the standard for determining parole under § 304.06(1r) is different than the standard for determining parole under § 304.06(1)(b) because of the presumption accorded the granting of parole to an inmate who has passed his or her parole eligibility date and obtained a GED. The standard is different for parole in each situation not because the factors are necessarily different, but because the method of analyzing the factors is different. Given the presumption of parole accorded an inmate who has reached his or her parole eligibility date and obtained a GED while incarcerated, parole may only be denied for reasons that are sufficiently compelling to override the presumption of parole for that inmate.

The commission's decisions in *Hansen* did not indicate that the denials of parole were based on anything

other than an application of the factors in WIS. ADM. CODE § PAC 1.06(7) applied in the same method as they would be applied for parole under § 304.06(1)(b), STATS. Unlike those decisions, the decisions of both Gonnering and Husz show that they did not simply apply the factors in WIS. ADM. CODE § PAC 1.06(7). Rather, both decisions acknowledge § 304.06(1r) and Saenz's receipt of his GED, but then identify an overriding consideration—the time required for punishment because he was convicted of first-degree murder, armed robbery and escape.

We conclude that the commission did not err in its interpretation of § 304.06(1r), STATS. We also conclude that its decision denying Saenz parole was within its jurisdiction, was based on the evidence, and was reasonable.

Saenz also argues that § 304.06(1r), STATS., creates a liberty interest cognizable under the Fourteenth Amendment to the United States Constitution. He requests that we remand to the trial court to permit him to proceed on his claim for monetary relief under 42 U.S.C. § 1983. We conclude there is no merit to his constitutional claim.

Deprivation of a constitutionally-protected liberty interest does not violate the constitution unless the deprivation occurs without due process of law. *Irby v. Macht*, 184 Wis. 2d 831, 842, 522 N.W.2d 9, 13, *cert. denied*, 115 S. Ct. 590 (1994). We do not decide whether § 304.06(1r), STATS., creates a liberty interest in parole release because Saenz does not assert, either in his pleading or in his brief on appeal, that he was denied parole without procedural due process. The due process clause to the Fourteenth Amendment also contains a

substantive component that bars certain arbitrary, wrongful government action. *Casteel v. McCaughtry*, 176 Wis. 2d 571, 578, 500 N.W.2d 277, 281, *cert. denied*, 114 S. Ct. 327 (1993). If Saenz means that his right to substantive due process was violated, we reject that contention as well. We have already concluded that the commission's action applied the law correctly and was reasonable.

*By the Court.*—Order affirmed.

GARTZKE, P.J. (*dissenting*). In my view, Saenz correctly interprets our decision in *State ex rel. Hansen v. Dane County Cir. Ct.*, 181 Wis. 2d 993, 513 N.W.2d 139 (Ct. App. 1994). The quotation the majority provides from that opinion expressed our rationale for granting relief to *Hansen*. That rationale is our holding.

We should have certified Saenz's case to the supreme court because *Hansen* should be overruled. It is at least doubtful whether the court of appeals can overrule its own decisions. We are bound by our published precedents. *State v. Lee*, 157 Wis. 2d 126, 130 n.4, 458 N.W.2d 562, 563 (Ct. App. 1990). Our dicta does not bind us. *Id.* But the rationale for a disposition, as in *Hansen*, is not dictum.

I trust that Saenz will petition for review. The supreme court should grant it. If our decision in *Hansen* is right, then the Wisconsin Parole Commission erred. If we erred in *Hansen*, then the commission was right.