**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 30, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP601**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CV1922**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN EX REL. MICHAEL D. MORRIS,

    PETITIONER-APPELLANT,

  V.

JON E. LITSCHER,

    RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Michael Morris appeals an order that affirmed a decision by the secretary of the Department of Corrections on an inmate complaint. We affirm.

¶2    Morris submitted a complaint to the inmate complaint review system. It alleged that the institution's business office denied his request for a legal loan in connection with two cases, and that the business office denied the request because it believed that the request was controlled by a department policy that caps legal loans at $50 for inmates who have not repaid prior legal loans. Morris argued that the policy is not enforceable because it should have been promulgated as an administrative rule. As relief Morris requested the additional $50 of legal loan authorization.

¶3    The examiner recommended dismissal of the complaint. The decision quoted from the memo sent to Morris by the business office:

> Pursuant to DAI Policy 309 51 01, section III(d), annual legal loans will be capped at $50 for inmates who have not fully repaid any prior year's legal loans except under extraordinary circumstances. Since you have an outstanding legal loan balance from previous years, your legal loan limit cannot exceed $50 total with the DOC for the calendar year. Neither case is on[e] of the 14 exceptions allowed to exceed the $50 limit. For this reason, your requests for legal loan extensions have been denied.
>
> You have only spent $16.37 so far this calendar year using legal loan funds. It is your responsibility to prioritize your spending to meet your litigation needs. E-filing documents to the [federal district court for the Western District of Wisconsin] i[s] free and a great way to save money.

¶4    The examiner found that the business office "explained the reason for denial" and the examiner recommended dismissal of Morris's complaint because "the denial is supported by DAI policy."

2

¶5      Morris appealed to the corrections complaint examiner, who also recommended dismissal of the complaint. As explanation, the examiner wrote: "As noted[,] the denial is in accordance with policy."

¶6      Morris then appealed to the department secretary, who decided as follows:

> The attached Corrections Complaint Examiner's recommendation to DISMISS this appeal is accepted as the decision of the Secretary. The complainant was denied a legal loan extension because he had only spent $16.37 of the $50 available to him this calendar year making his request premature. The complainant was advised to prioritize his spending to meet his litigation needs. For example, E-filing documents to the USWD court is free and a great way to save money rather than spending limited funds on postage.

¶7      Unlike the previous decision makers, the secretary did not expressly refer to the department policy that Morris argued was an unenforceable rule.

¶8      Morris filed a petition for a writ of certiorari in circuit court. That court affirmed the secretary's decision.

¶9      On certiorari review, we review the decision of the agency, not the circuit court. *See* ***State ex rel. Greer v. Wiedenhoeft***, 2014 WI 19, ¶34, 353 Wis. 2d 307, 845 N.W.2d 373. Here, the decision by the secretary relied on the idea that Morris's request for the additional legal loan authorization was premature. The secretary may also have relied on the department policy referred to in the examiners' earlier decisions, because the secretary stated that he was accepting the decision of the corrections complaint examiner. However, that is not entirely clear.

¶10      Morris argues on appeal that the $50 cap does not apply to him because: it is an unpromulgated rule; he does not have unpaid balances; he meets exceptions to the policy; and he is being treated differently under the policy than

another inmate was.  We resolve this appeal based on the prematurity issue, which is dispositive.

¶11     On this topic, Morris's opening brief makes only a short argument at the very end, after the certifications.  Morris asserts that the business office was incorrect as to the amount of money that he had used.  He asserts that instead of the $16.37 figure that the business office said he spent, he had actually spent just under $40, bringing him closer to the $50 cap.

¶12     The certiorari record from the department does not include account information, other than what is described in the memo from the business office.  In support of Morris's assertion that the business office was incorrect as to the amount he had used, Morris attached to his certiorari petition an exhibit that is a copy of an account record.  He relies on that exhibit on appeal.

¶13     Normally, a court reviewing an agency decision in certiorari is confined to the record before the agency.  Our review is limited to the record brought up by the writ.  *State ex rel. Richards v. Leik*, 175 Wis. 2d 446, 455, 499 N.W.2d 276 (Ct. App. 1993).

¶14     As a result, the party seeking certiorari review should develop the factual record while the matter is before the agency.  Here, however, the fact that Morris is disputing was not relied on by any decision maker in the agency process until the last level, when the secretary introduced the concept of prematurity and relied on the amount stated in the business office memo.

¶15     Although the business office memo stated the amount it believed Morris had spent, that office did not rely on that amount, or refer to the timing of his request, in making its decision.  That office did not deny the request because it

was premature. Instead, the business office appears to have stated the amount spent so as to reassure Morris that he had adequate funds remaining, and to encourage him to use those funds efficiently by using electronic filing. Because the amount that Morris had spent was not a basis for the business office decision, or for the examiner decisions on his inmate complaint, Morris would not have had any reason to provide the examiners or the secretary with information disputing the business office's statement about the amount he had spent.

¶16    It is not clear whether Morris asked the circuit court for permission to add his account exhibit to the record. However, for purposes of this appeal, we assume without deciding that the exhibit is properly considered in judicial review of the secretary's decision.

¶17    Morris relies on exhibit 8 attached to his certiorari petition. That document is a trust account "weekly statement." As to legal loans, we understand the statement to show the balances that are outstanding on the loans, for each year that a loan was given. In other words, the "balance" column of the exhibit shows the amount that was loaned to Morris in that year, and that he has not paid back. As to the loan for the relevant calendar year, 2018, it shows that so far Morris had been loaned $36.75, which is considerably closer to $50 than the $16.37 figure stated by the business office.

¶18    However, Morris's exhibit fails to rebut the business office memo because the exhibit is dated several weeks after the memo. Morris's inmate complaint was received on March 29, 2018. It alleged that the denial of his loan request occurred on March 26, 2018, and that is consistent with the date on the memo. However, Morris's account exhibit appears to show the balance as of several weeks later, on May 4, 2018. Obviously, Morris could have made additional draws

on his legal loan during those several weeks, increasing the balance from when the business office issued its memo.  Therefore, the exhibit does not refute the memo.

¶19     It appears that Morris may have chosen to send the court the account information for that date because that weekly statement included the date on which the secretary received Morris's appeal, May 2, 2018.  However, the date of the secretary's review is not significant.  The secretary was reviewing an inmate complaint filed to address a specific action by the business office.  That action occurred in late March 2018, and the secretary determined that, as of that date, Morris's loan request was premature.  Whether it would have been premature at some later date was not an issue before the secretary, and is not before us now in this judicial review.

¶20     Morris does not make any other argument to dispute the secretary's decision that Morris's loan request was premature.  Therefore, because we conclude that Morris's one argument against that basis for the decision is not well founded, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).