COURT OF APPEALS
DECISION
DATED AND FILED

August 10, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP404-CR**

STATE OF WISCONSIN

Cir. Ct. No. 1975CF1

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

RONALD S. SCHILLING,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Ronald Schilling, pro se, appeals the circuit court's order denying his motion for sentence modification.  He argues that new factors justify modification of his sentence.  We conclude that he has not established the existence of any new factor.  Accordingly, we affirm.[1]

## *Background*

¶2    In 1976, Schilling was convicted of first-degree murder as party to a crime.  He stabbed the victim multiple times in the course of an armed robbery committed with two co-actors.  He was twenty-four years old at the time of the offense.

¶3    The circuit court sentenced Schilling to life imprisonment.  Under sentencing law then in effect, a term of life imprisonment carried the possibility of parole.  *See* WIS. STAT. § 57.06(1)(a) (1975-76).[2]

¶4    In June 2021, Schilling filed the motion for sentence modification at issue here.  He alleged that there were multiple new factors justifying modification of his sentence, including new research on adolescent brain development and factors relating to denial of parole.  The circuit court concluded that Schilling had not established the existence of any new factor.

---

[1] Schilling filed his reply brief after the deadline, but the brief was nonetheless accepted for filing, and we have considered the reply brief arguments.

[2] Schilling was also convicted of armed robbery as party to a crime.  On that charge, the circuit court imposed a five-year prison sentence to run concurrent with Schilling's life sentence on the murder charge.

*Discussion*

¶5      "A new-factor analysis is a two-step process:  (1) is there a 'new factor,' and, if so, (2) does the 'new factor' justify modification of the defendant's sentence?"  *State v. McDermott*, 2012 WI App 14, ¶9, 339 Wis. 2d 316, 810 N.W.2d 237.  The defendant has the burden to demonstrate the existence of a new factor by clear and convincing evidence.  *Id.*  Whether the defendant has satisfied that burden is a question of law we decide de novo.  *Id.*  If the defendant establishes the existence of a new factor, the circuit court has discretion to decide whether the new factor justifies modification of the defendant's sentence.  *Id.*

¶6      The definition of a new factor is set forth in case law.  It is "'a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.'"  *State v. Harbor*, 2011 WI 28, ¶40, 333 Wis. 2d 53, 797 N.W.2d 828 (quoted source omitted).

¶7      Schilling contends that there are five new factors:  (1) new research on adolescent brain development; (2) changes to parole rules and policies; (3) improper influence by the victim's friends and family and corrections officers on the parole process and his security classification; (4) his rehabilitation in prison; and (5) the COVID-19 pandemic.

¶8      We address each of these alleged new factors in the discussion sections that follow.  Because we conclude that Schilling has not established the existence of any new factor, there is no need to remand for the circuit court to exercise its discretion under the second part of the two-part test for sentence modification.  *See id.*, ¶38 ("[I]f a court determines that the facts do not constitute

a new factor as a matter of law, 'it need go no further in its analysis.'" (quoted source omitted)).[3]

### 1. Research on Adolescent Brain Development

¶9     Schilling argues that new research on adolescent brain development constitutes a new factor.  His underlying reasoning is difficult to understand.  Construing his briefing liberally, we conclude that he argues that this research is highly relevant to the imposition of his sentence both because:  (1) the research indicates that relatively young offenders have less impulse control and should therefore be held less culpable for their actions, and (2) the research sheds new light on how his difficult childhood or other adverse circumstances in his youth influenced his mental health conditions.

¶10    We reject these arguments because Schilling does not persuade us that the research, although new, is highly relevant to the imposition of his sentence.  On the contrary, Schilling makes a concession that supports a conclusion that the research is *not* highly relevant in his case.

¶11    According to Schilling, under the sentencing law in effect at the time, the circuit court's only sentencing options were life imprisonment or probation.[4]  And, he acknowledges that probation was not an appropriate option

---

[3] Schilling argues that the circuit court erroneously exercised its discretion by failing to address some of the new factors that he alleged in his motion for sentence modification. Applying de novo review, we address each of the alleged new factors that Schilling raises in this appeal.

[4] The homicide statute under which Schilling was convicted, WIS. STAT. § 940.01(1) (1975-76), states:  "Whoever causes the death of another human being with intent to kill that person or another shall be sentenced to life imprisonment."

4

for him at the time. He thus effectively concedes that the court had no realistic sentencing alternative other than life imprisonment.

¶12 Given Schilling's concession and the nature of his crime, it is not plausible to suggest that the circuit court might have imposed a different sentence if the court had known then what we know now about adolescent brain development. The new research on adolescent brain development is therefore not highly relevant to the imposition of Schilling's sentence and not a new factor.

### 2. Changes to Parole Rules and Policies

¶13 Schilling argues that changes to parole rules and policies since the time of his sentencing constitute a new factor. We reject this argument as inconsistent with our supreme court's decision in *State v. Franklin*, 148 Wis. 2d 1, 434 N.W.2d 609 (1989).

¶14 In *Franklin*, the supreme court held that "for a change in parole policy to constitute a new factor, parole policy must have been a relevant factor in the original sentencing." *Id.* at 15. It further held that a change in parole policy "is not a relevant factor unless the court expressly relies on parole eligibility." *Id.*

¶15 Here, the transcript of Schilling's sentencing hearing shows that the circuit court made no reference to parole when imposing sentence. Therefore, any change in parole rules or policies is not a new factor for Schilling.

### 3. Influence by Victim's Friends and Family

¶16 Schilling alleges that the victim's friends and family, some of whom are involved in the correctional system, have engaged in improper efforts to

influence the parole review process. He argues that these alleged improper efforts to influence constitute a new factor.

¶17 We reject this argument because we conclude that, even if Schilling proved these allegations, they would not be highly relevant to the imposition of his sentence. His central contention appears to be that he has been unfairly and improperly denied parole for more than 45 years. However, we are not persuaded that the denial of parole, even if improper, can be a new factor for Schilling when the circuit court did not reference parole at sentencing, let alone state any expectation of when he might be paroled.

¶18 Schilling additionally alleges that correctional employees have improperly influenced his security classification, and he argues that this is also a new factor. We conclude that this alleged misconduct is not a new factor because it bears no relationship to the basis for Schilling's sentence and is therefore not highly relevant to the imposition of his sentence.[5]

### 4. Rehabilitation

¶19 Schilling appears to argue that his rehabilitation in prison is a new factor, although in his reply brief he concedes that rehabilitation is "not in and of

---

[5] This is not to say that Schilling is without any means to obtain judicial review of any alleged irregularities relating to the parole review process or his security classification. However, judicial review would likely be by petition for a writ of certiorari, and he would need to satisfy applicable procedural requirements, including any requirement relating to exhaustion of administrative remedies. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549-50, 185 N.W.2d 306 (1971) (holding that judicial review of a parole revocation decision is by writ of certiorari); *Richards v. Graham*, 2011 WI App 100, ¶5, 336 Wis. 2d 175, 801 N.W.2d 821 (reviewing a parole commission decision by writ of certiorari); *State ex rel. Richards v. Traut*, 145 Wis. 2d 677, 678-81, 429 N.W.2d 81 (Ct. App. 1988) (reviewing the denial of an inmate's internal request for a change in security classification by writ of certiorari).

itself" a new factor. We agree with this concession because it is well settled that rehabilitation is generally not a new factor. *See* ***State v. Kluck***, 210 Wis. 2d 1, 7, 563 N.W.2d 468 (1997) ("[C]ourts of this state have repeatedly held that rehabilitation is not a 'new factor' for purposes of sentence modification.").

### 5. COVID-19 Pandemic

¶20    Schilling argues that the COVID-19 pandemic is a new factor. Although the pandemic was not in existence at the time of his sentence, Schilling does not explain how the pandemic or its consequences are highly relevant to the imposition of his sentence. We therefore conclude that the pandemic is not a new factor here.

### Conclusion

¶21    In sum, for the reasons stated above, we affirm the circuit court's order denying Schilling's motion for sentence modification.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).[6]

---

[6] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.